Ramona OJEDA et al., Plaintiffs,

v.

Burton K. HACKNEY, Comm'r of Public Welfare for the State of Texas, Defendant.

Civ. A. No. 7–515.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 2, 1970.

As Amended Nov. 30, 1970.

---

**150**

Robert M. Helton, Wichita Falls, Tex., for plaintiffs.

Maxine T. McConnell, Timothy A. Whisler, Andrew L. Monson, Dallas Legal Services Project, Dallas, Tex., for Intervenors.

Crawford C. Martin, Atty. Gen., State of Tex., Pat Bailey, Executive Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION

HUGHES, District Judge.

This is a class action challenging the interpretation placed by the Texas State Department of Public Welfare on Section 2231 [1] of its Financial Service Handbook relating to Aid to Families with Dependent Children. Plaintiffs are members of a class composed of Texas families who have been denied AFDC benefits or whose benefits have been terminated by Defendant. Denial or termination was based on Defendant's interpretation and administration of Section 2231. In each case the needy children had a step-father living in the house. As soon as the Department of Public Welfare became aware of the remarriage of Plaintiff, Ramona Ojeda, benefits were terminated, the Department asserting that the step-parent was legally responsible for the support of the children, thus making the children ineligible for benefits.

Plaintiffs contend that under Texas law a step-parent is not legally obligated to support his step-child and that the Department has incorrectly applied Section 2231 of the Financial Services Handbook. Such incorrect application and termination of benefits, according to Plaintiffs, violate Plaintiffs' rights under the Due Process clause of the Fourteenth Amendment to the U. S. Constitution and also conflict with the regulation under the Social Security Act found in 45 C.F.R. Sec. 203.1.

---

1. Section 2231 Texas Financial Service Handbook Revision No. 2, dated October 22, 1968: "Under Federal Regulations, deprivation of parental support or care can be determined only in relation to a child's natural or adoptive parent, or in relation to a child's step-parent who is ceremonial-ly married to the child's natural or adoptive parent and is legally obligated to support the child under State law of general applicability which requires step-parents to support step-children to the same extent that natural or adoptive parents are required to support their children."

The cause of action is based on 42 U.S.C. Sec. 1983,[2] and jurisdiction is founded on 28 U.S.C. Sec. 1343(3) (4).[3]

Plaintiffs ask for declaratory judgment that Defendant has erroneously construed Section 2231 and for an injunction enjoining Defendant from denying Plaintiffs AFDC benefits. Both parties have filed motions for summary judgment and Defendant has filed a motion to dismiss.

42 U.S.C. § 606(a) defines a "dependent child" as a "needy child * * * who has been deprived of parental support or care by reason of the death, continued absence from the home or physical or mental incapacity of a parent and who is living with" any one of several listed relatives.

The Supreme Court in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), held that the term "parent" in the act meant an individual who owed the child a state imposed duty of support and a child was not disqualified from benefits on the basis of a substitute father who has no such duty.

Following this decision HEW promulgated a regulation reaffirming its earlier rulings, requiring that the state AFDC plan "must provide that the determination whether a child has been deprived of parental support or care by reason of the death, continued absence from the home or mental incapacity of a parent, * * * will be made only in relation to the child's natural or adoptive parent, or in relation to a child's *stepparent who is* ceremonially married to the child's natural or adoptive parent and is *legally obligated to support the child under State law* of general applicability, which requires step-parents to support step-children to the same extent that natural or adoptive parents are required to support their children." [4] (Emphasis added).

The Texas plan for AFDC benefits in its regulation, Section 2231 of the Texas Financial Handbook, follows exactly the HEW's requirement with reference to when a child is deprived of parental support.

In implementing the regulation Texas denies assistance to all minor children who have a mother and step-father in the home without a determination of whether in fact contributions are being made by the step-father. The Defendant admits that in the case of these Plaintiffs no budgetary review of any kind was made at the hearing the Plaintiffs had as required by the Social Security Act.[5]

On the merits the sole question to be determined is whether the Defendant is incorrect in its interpretation of the Texas law as to the obligation of a step-father to support his step-children.

The Defendant contends that the proper forum for the determination of an issue involving the interpretation of State

---

2. Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. 28 U.S.C. Sec. 1343(3) (4).
 The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
 * * *
 (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens * * *
 (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, * * *

4. 45 C.F.R. Sec. 203.1.

5. 42 U.S.C. Sec. 602(a) (4) provides for a fair "hearing" to any recipient of aid under a federally assisted program. A new HEW regulation, 34 Fed.Reg. 1144 (1969), requires continuation of AFDC payments until the final decision after a "fair hearing" and would give recipients a right to appointed counsel.

law is the State court and that this Court should abstain.

It is shown from the language of Sec. 1983 that the remedy for the deprivation of a right secured by the Constitution and laws of the United States is in the federal court. The Supreme Court has held on several occasions that it is not necessary to seek relief in the state court for the relief of such a grievance before invoking the jurisdiction of the federal court.[6]

Recently the Fifth Circuit has twice rejected the contention that it is necessary to exhaust state remedies in 1983 cases.[7]

With reference to abstention in such cases the Court declared in Hall v. Garson, 430 F.2d 430 (No. 29690) July 22, 1970, 5th Cir.:

"When * * * there can be no doubt as to what the state law provides, there is no place for abstention."

 Based on these authorities I hold that the state court in this type of situation is not the proper forum for 1983 cases. This brings us to the question of whether 42 U.S.C. Sec. 1983 covers a deprivation of welfare rights and whether a cause of action for deprivation of such rights would be within the scope of 28 U.S.C. § 1343(3) (4).

The contention is made by Defendant that the termination of welfare benefits is not a deprivation of "rights, privileges or immunities secured by the Constitution and laws."

It is true that in Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1938) the concurring opinion stated at 531, 59 S.Ct. at 971 that Section 1983 and thus Section 1343(3) were limited to "unconstitutional infringement of a right of personal liberty not susceptible of valuation in money." From this statement it might be argued that welfare payments are property and the termination are not a grievance covered by 1983 and 1343(3) (4).

Since *Hague*, however, the distinction between property rights and personal rights has been largely discredited. Hornsby v. Allen, 326 F.2d 605, 5th Cir. (1964) (deprivation of a tax license); Mansell v. Saunders, 372 F.2d 573, 5th Cir. (1967) (deprivation of a garbage collection franchise); Joe Louis Milk Co. v. Hershey, 243 F.Supp. 351, U.S.D.C., N.D.Ill. (1965) (suit to enjoin unlawful levy of assessment by liquidator of defunct insurance company acting under state law); Hall v. Garson, *supra*, (involving the taking of property under state law without a hearing).

Recent cases dealing with welfare benefits have held that they are properly based on Sec. 1983 and jurisdiction was sustained under 1343(3). These include King v. Smith, *supra*; Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (holding the discontinuance of welfare requires a pretermination evidentiary hearing); Solman v. Shapiro, 300 F.Supp. 409, U.S.D.C., D.Conn. (1969), affirmed by Supreme Court, 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5 (1969) (Challenging the validity of a statute relating to administration of AFDC assistance.)

In the case of Russo v. Shapiro, 309 F.Supp. 385, D.Conn. (1969), involving a similar denial of welfare benefits, the Court in finding adequate basis for jurisdiction under Sec. 1343(3) takes a statement from King v. Smith, *supra*, that the regulation involved in *King* might not only have caused economic loss to AFDC recipients, "but also infringed their liberty to grow up with financial aid for their subsistence * * *"

Based on *Goldberg, King, Solman*, and *Russo*, I hold that Plaintiffs have alleged a cause of action covered by 42 U.S.C.

---

6. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967);

Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968).

7. Orr v. Thorpe, 427 F.2d 1129 (June 10, 1970) 5th Cir.; Hall v. Garson, 430 F.2d 430 (No. 29690, July 22, 1970) 5th Cir.

Sec. 1983 and that there is jurisdiction founded on 28 U.S.C. Sec. 1343(3) (4).

■ Proceeding to the merits it is admitted by Defendant that there is no state law of general applicability "which requires step-parents to support step-children to the same extent as natural or adoptive parents are required to support their children."

"Since there is no state law requiring support of step-children by the step-father there would appear to be no basis for defendant's contention that step-parents are in fact liable for support of step-children." If there could be any doubt HEW has resolved the question by the promulgation of its regulation [8] providing:

"(b) The inclusion in the family * * * of a 'substitute parent' * * is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State * * * [1] in the consideration of all income and resources in establishing financial eligibility and the amount of the assistance payment, *only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent * * * will be considered available for children in the household in absence of proof of actual contribution.*"

In Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561, April 20, 1970, involving a California statute defining the responsibility of a step-father for the support of his step-children, the Court said in commenting on the above regulation:

* * * the regulations explicitly negate the idea that in determining a child's needs, a step-father (i. e. a man married to a child's mother who has not adopted the child and is not legally obligated to support the child under state law) * * * may be presumed to be providing support.

Quoting from King v. Smith the Court said:

"We concluded that Congress 'intended the term parent in Sec. 406(a) of the Act * * * to include only those persons with a legal duty of support.' "

The case of Solman v. Shapiro, *supra,* involved the validity of a state statute providing that in determining need of recipients of aid for needy children the income of a step-parent should be considered available for the support of his step-children. The Court held the statute "squarely contravenes the regulation which states that that 'is not an acceptable basis * * * for assuming the availability of income by the State.' "

Based on *King, Lewis* and *Solman* I hold that the Texas Department of Public Welfare is incorrectly interpreting the law of Texas, its own regulation and that of HEW relating to the obligation of step-parents to support step-children.

While not necessary for a decision I consider that this erroneous interpretation by Defendant violates Plaintiffs' rights under the Due Process clause of the Fourteenth Amendment. "The mere fact that there is a step-father living with the family causes Defendant to terminate benefits to children otherwise eligible. There is no consideration of the needs of the child nor is there a determination of the actual availability of the income of the step-father for current use on a regular basis as required by the federal and state welfare regulations."

The reason for requiring the step-father to be legally obligated to support his step-children before benefits to otherwise eligible children are terminated is well stated in Lewis v. Martin where the Court said:

" * * * HEW might reasonably conclude that only he who is as near as a real adoptive father would be has that consensual relation to the family which makes it reliably certain that his income is actually available for support of the children in the household. HEW may, in other words, reasonably con-

8. 45 C.F.R. Sec. 203.1.

clude that an obligation to support under state law must be of 'general applicability' to make that obligation in reality a solid assumption on which estimates of funds actually available to children on a regular basis may be calculated.

Any lesser duty of support might merely be a device for lowering welfare benefits without guaranteeing that the child would regularly receive the income on which the reduction is based, that is to say, not approximate the obligation to support placed on and normally assumed by natural or adoptive parents."

For the reasons stated it is the conclusion of the Court:

1. Plaintiffs' cause of action is properly based on 42 U.S.C. Section 1983 and jurisdiction is founded on 28 U.S.C. Sec. 1343(3) (4).

2. The Defendant has incorrectly in-interpreted Texas law relating to the obligation of a step-father to support his step-children.

3. The Defendant has misinterpreted Section 2231 of the Texas Financial Service Handbook and 45 C.F.R. Sec. 203.1.

It is therefore ordered, adjudged and decreed:

1. Defendant's Motions to Dismiss and for Summary Judgment be and they are hereby overruled.

2. Plaintiffs' Motion for Summary Judgment be and is hereby sustained and relief granted in accordance with this opinion and judgment.

3. Defendant is enjoined from terminating or denying AFDC benefits to otherwise eligible children on the sole basis that there is a step-father living in the home.

4. Defendant is directed to reinstate AFDC benefits to Plaintiffs and to other children similarly situated, who have previously been receiving benefits and whose benefits have been terminated since August 8, 1968, the date HEW regulation 45 CFR sec. 203.1 became effec-

tive, for the sole reason that a step-father was residing in the home; and if otherwise eligible benefits are to be retroactive to the date the incorrect action was taken. Such benefits are to be terminated only after a full hearing to determine the net income actually available for current use on a regular basis, none of such income to be considered available in the absence of proof of actual contribution.

5. Defendant is directed to hold full hearings as provided in (4) before denying benefits to children with a step-father residing in the home. A hearing is likewise to be accorded to all who were denied benefits since August 8, 1968, and if otherwise eligible benefits are to be retroactive to the date the incorrect action was taken.

6. The injunction for rehearings in those cases in which benefits were denied since the filing of the instant proceeding is to be stayed until January 1, 1971, in order to give the Texas Department of Public Welfare time to implement the order.

7. The injunction providing for benefits in (4) and (5) between the dates of August 8, 1968, and the filing of the instant proceeding is stayed for 120 days from date hereof to allow the Texas Legislature to appropriate sufficient funds to implement this order.