Sherman S. FITZGERALD, Appellant,

v.

GENERAL DAIRIES, INC., d/b/a Hi-Land Dairy, Federated Dairy Farms, Inc., d/b/a Cream-O-Weber Dairy, Appellees.

No. 77–1634.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 17, 1978.

Decided Jan. 22, 1979.

David R. Irvine and Alan L. Smith, of Irvine, Smith & Mabey, Salt Lake City, Utah, for appellant.

Christopher L. Burton of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for appellees.

Before SETH, Chief Judge, and BREIT-ENSTEIN, Circuit Judge, and STANLEY, District Judge *.

SETH, Chief Judge.

This is an appeal by the plaintiff from the granting of summary judgment for defendants in a Sherman Act and Robinson-Patman Act antitrust case. The defendants' motion for summary judgment asserted that the period of limitations in 15 U.S.C. § 15b had run on the incidents and events alleged in plaintiff's complaint and amended complaint.

The trial court concluded that plaintiff's cause of action accrued before "early 1971," and thus was barred. The trial court in part said after referring to *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77:

"... By that general standard, plaintiff's action accrued sometime before early 1971. Injuries to his business resulting from the actions of the defendants culminated in his bankruptcy, but were sustained for some time prior to that date. Indeed, plaintiff by his own affidavit states that as early as 1970 he felt that there was a cause of action for antitrust violations against these defendants. Without more, there is no question on the plaintiff's own pleadings that the action is barred by the Section 15b limitations provision."

The trial court then referred to the "doctrine of a continuing conspiracy" in *Zenith*, and said no such cause was alleged. The trial court also said in part as to reentry into business of the plaintiff: "The complaint does not make particular or sufficient allegations to the effect that the defendants did more to prevent his entry into the dairy business again."

The trial court also concluded that no material fact remained "with regard to the application of the tolling doctrine in this case," based on allegations of fraudulent concealment.

■ The interrelation of the several factors and allegations is significant. The complaint alleges that the actions of defendants forced the plaintiff into bankruptcy. This bankruptcy petition was filed before the four-year period of limitations, but this factor was not dispositive of the causes of action alleged. It was a significant event but, for example, it did not, as a matter of law, nor under the facts advanced in the affidavits, prevent the reentry of the plaintiff into the dairy business. There were sufficient allegations in the complaint to assert a cause of action as to reentry. This became a substantial fact question in view of the affidavits of plaintiff as to his assets and financial capabilities after the bankruptcy. This is pointed up especially by the facts developed as to the assets returned to plaintiff during the course of the bankruptcy proceedings. Thus the bankruptcy as such could not be taken as precluding fact questions as to plaintiff's ability to reenter the market. There were brought forward material facts more than sufficient on this issue to prevent the entry of a summary judgment.

Also if the order issued by the trial court related only to the adequacy of the complaint, we must hold that the allegations were sufficient to raise an issue as to reentry.

There were also adequate allegations which were not refuted in this record, and which raise material fact issues, as to continuing acts by the defendants, or some of them, relative to influence on the governmental agency hearings, on reviews in the administrative proceedings, and related issues all within the period of limitations.

■ We have considered the allegations, and the facts developed on the Motion for Summary Judgment, and also must draw the inferences of fact in favor of the plaintiff. *Bruce v. Martin-Marietta Corp.*, 544 F.2d 442 (10th Cir.). Again as mandated by *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.), if these inferences reveal triable issues of fact, the

* Of the District of Kansas, sitting by designation.

case is not suitable for a summary judgment. The burden of the moving party is obviously an element in this mix.

We have considered summary judgments in *Harman v. Diversified Medical Investments Corp.,* 488 F.2d 111 (10th Cir.); *Ando v. Great Western Sugar Co.,* 475 F.2d 531 (10th Cir.), and more recently in *American Empire Insurance Co. v. Nancy Holonbeck Nugent, et al.,*Tenth Circuit No. 77–1466. *See,* of course, Rule 56(c), Fed.R.Civ.P. The factual aspects of the limitation issue are manifest under the unusual circumstances of this case. We have considered the consequences arising from the bankruptcy, and the several substantial material fact issues remaining unresolved as to the reentry of plaintiff into the market. The allegations, as indicated above, bring these within the limitation period. 15 U.S.C. § 15b. *See Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 117 (5th Cir.).

█ Another substantial issue on appeal arises from the plaintiff's assertions alone of a continuing conspiracy, and its relation or connection with the market reentry issue. Much has been written on the problem of continuing conspiracies, and upon the opinion in *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77. The statute of limitations uses the phrase that the action is ". . . barred unless commenced within four [4] years after the cause of action has accrued." The argument thus is when the cause of action has accrued, and when the allegations refer to a single act or extend over a period of time. The distinction between the commission of the act or acts alleged, and the time of injury has been considered by several writers and courts. *See Imperial Point Colonnades Condominium v. Mangurian,* 549 F.2d 1029 (5th Cir.).

Several courts have held that the prevention of reentry into the market is an aspect or consequence or an indication of a continuing conspiracy. *Twin City Sportservice, Inc. v. Charles O. Finley & Co.,* 512 F.2d 1264 (9th Cir.); and *see Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231.

Thus we must conclude that on none of the several issues raised could the case properly be disposed of by summary judgment.

The judgment is reversed and the case is remanded for further proceedings.