Jacqueline NOLAN, on Behalf of Herself and on Behalf of her Minor Children, Daniel Schmitz, Deborah Schmitz and Dwayne Schmitz, Appellee,

v.

Fernando C. de BACA, Individually, and as Executive Director, New Mexico Department of Health and Social Services, Appellant.

No. 78–1061.

United States Court of Appeals,
Tenth Circuit.

Argued May 15, 1979.

Decided Aug. 13, 1979.

Gordon L. Bergman, Asst. Atty. Gen., Legal Services Bureau, Dept. of Human Services, Santa Fe, N. M., for appellant.

Joseph Goldberg, Albuquerque, N. M. (Helene Simson, Albuquerque, N. M., with him on the briefs), for appellee.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

**PER CURIAM.**

This appeal raises the issue of preemption of a state regulation for the Aid to Families with Dependent Children (AFDC) program by a federal statute and regulation. The plaintiff brought suit to enjoin New Mexico's Health and Social Services Department from enforcing the provisions of a Department regulation which sought to apply some of New Mexico's community property law concepts to the AFDC program. The trial court found the state community property regulation conflicted with 42 U.S.C. § 602(a), and the implementing regulation, 45 C.F.R. § 233.90(a), and granted summary judgment to the plaintiff on the basis of the Supremacy Clause of the Constitution.

The facts were stipulated to the court. Mrs. Nolan resides in New Mexico with her husband and her three children by a previous marriage. Mr. Nolan has not adopted the children, and under New Mexico law is not legally obligated to support them. Mrs. Nolan is an unemployed full-time student at the University of New Mexico. She has no income of her own and does not receive child support payments from the natural father. Mr. Nolan is also a full-time student at the University, but he works part time. He does not voluntarily or regularly provide the children with support.

The children generally qualify for AFDC assistance. Prior to promulgation of the community property regulation, the assistance grant was $163.00 per month. The figure was based on lack of any income of Mrs. Nolan and no income actually available from Mr. Nolan. Under the new community property regulation, the grant became $2.00 a month. The regulation counted one-half of Mr. Nolan's income as the income of Mrs. Nolan, which in turn was considered available to meet the needs of the children.

Appellant raises three issues here. He first asserts procedural error in the trial court's denial of the request for oral argument on the motion for summary judgment. He then maintains that summary judgment was improper because the trial court misconstrued a stipulation of fact, and lastly,

that the substantive analysis is incorrect. We find no procedural error and conclude that the community property regulation does conflict with federal law. We, therefore, affirm the judgment below.

■ Local Rule 9(i) of the United States District Court for New Mexico permits the trial judge to dispense with a hearing at his discretion. There is no requirement for a hearing in Fed.R.Civ.P. 56(c), although it does refer for notice purposes to the "time fixed for hearing."

There was no time set for hearing and no hearing, but there was more than adequate opportunity provided. We have previously held that failure to abide by the time requirement of Rule 56(c) denies a trial court authority to enter summary judgment. *Dolese v. United States,* 541 F.2d 853 (10th Cir.); *Mustang Fuel Corp. v. Youngstown Sheet and Tube Co.,* 480 F.2d 607 (10th Cir.). However, we specifically noted in *Mustang* that "[u]nder proper circumstances these requirements of the Rule may be waived." This case rather obviously presents the proper circumstances. Summary judgment was granted approximately six months after the motion was filed. Almost thirteen months transpired between the filing of the complaint and the rendering of judgment. The parties briefed the issues extensively, filed affidavits, and stipulated the facts. We cannot say denial of oral argument was improper under these circumstances, and a setting for a day certainly was not required. Although *Dredge Corporation v. Penny,* 338 F.2d 456 (9th Cir.), is to the contrary, we think the sounder rule is that followed here and in *Benson v. Matthews,* 554 F.2d 860 (8th Cir.); *Kibort v. Hampton,* 538 F.2d 90 (5th Cir.); *Spark v. Catholic University of America,* 167 U.S. App.D.C. 56, 510 F.2d 1277; and similar cases in the Third, Sixth and Seventh Circuits. *See* 6 Moore's Federal Practice ¶ 56.-14[1], at 56–360. *See also* the holding on the *sua sponte* judgment in *United States v. Fisher-Otis Company, Inc.,* 496 F.2d 1146 (10th Cir.); the combination of factors in *Dolese v. United States,* 541 F.2d 853 (10th Cir.); and our opinion in *Hazen v. Southern*

*Hills National Bank of Tulsa,* 414 F.2d 778 (10th Cir.), on a motion to dismiss.

■ The basic issue here is, of course, whether the regulations conflict. There are no material issues of fact remaining which would preclude summary judgment. *Fitzgerald v. General Dairies, Inc.,* 590 F.2d 874 (10th Cir.); *Bruce v. Martin-Marietta Corp.,* 544 F.2d 442 (10th Cir.). Appellant disagrees apparently because of a sentence contained in the memorandum opinion which reads, "It is agreed in the present action that the income in question is that of plaintiff's husband . . . ." He argues that the essence of his position is that Mrs. Nolan has an income by law since under community property concepts a wife has a half-interest in the husband's income. He thus believes the quoted sentence reveals the trial court's misconception of the case. This is obviously not so. We are of the opinion that the sentence merely reiterates the fact that only Mr. Nolan *received* an income. There was no material issue of fact remaining. The trial court's analysis is correct. As a starting point, it has long been recognized that the state implementing regulations for the AFDC program may not contravene Social Security Act provisions or valid HEW regulations. *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118. There is no question that the pertinent HEW regulation, 45 C.F.R. § 233.90(a), is valid. *See Lewis v. Martin,* 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561. *See also* the consideration of the California community property law in the Railroad Retirement Act case of *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1.

■ The New Mexico regulation, HSSD Manual § 221.832 B.1, provides in part:

"1. *Availability of Income*—In determining whether the budget group is eligible for AFDC on the condition of need, income currently received by members of the household is considered available to the budget group in the amounts specified below. . . .

. . . . .

"a. *Division of Income between Spouses* —In keeping with the State's community property law, one half (½) the community property income of spouses is considered available to each spouse when they live together. . . ."

The pertinent HEW regulation, 45 C.F.R. § 233.90(a), sets forth what a state may consider in computing the AFDC assistance. Establishing these requirements is within the province of the federal government. The regulation clearly limits a state to considering only actual contributions to the budget group, the income of the natural or adoptive parent, and the income of a stepparent legally obligated by state law to provide support.

Operation of appellant's community property regulation obviously contravenes the federal act and HEW's regulation. The income of Mr. Nolan, a nonadoptive stepparent who does not voluntarily contribute to the children's needs, is considered in determining the assistance grant. The regulation has no requirement for determining if Mr. Nolan voluntarily and actually contributes to the children's needs. Arguing that Mrs. Nolan has income under community property does not change the impact of the community property regulation. We see little distinction between the community property regulation and California's AFDC regulation which the Supreme Court ruled invalid in *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed. 561, and *Hisquierdo*. In *Lewis*, the invalid regulation conclusively presumed that the income of a non-adoptive stepparent is available to the children. Here, the regulation conclusively presumes one-half of the non-adoptive stepparent's income is available, albeit through the other spouse's so-called community property income interest. Arguing legal concepts of income does not change what in reality occurs with this regulation. We are of the opinion that *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561, and *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118, require the result reached here.

AFFIRMED.