609 P.2d 1244

Carmen BARELA, Plaintiff-Appellant,

v.

NEW MEXICO DEPARTMENT OF HUMAN SERVICES, INCOME SUPPORT DIVISION, Defendant-Appellee.

No. 4059.

Court of Appeals of New Mexico.

Oct. 30, 1979.

Rehearing Denied Nov. 13, 1979.

Writ of Certiorari Denied Dec. 14, 1979.

Timothy Meehan, Northern New Mexico Legal Services, Taos, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Gordon L. Bergman, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

LOPEZ, Judge.

Carmen Barela appeals the decision of the Director of the Income Support Division of the New Mexico Department of Human Services denying her application for AFDC (Aid to Families with Dependent Children) benefits for her child by a previous marriage, on the basis that one half of the stepfather's income is considered available to the child. We reverse and remand.

Three issues are presented on appeal: (1) whether the Department's regulation that one half of the income of one spouse shall be considered available to the other spouse for purposes of determining AFDC eligibility conflicts with the federal Social Security Act, 42 U.S.C. § 601 et seq. (1976), and the HEW (U.S. Department of Health, Education, and Welfare) regulations promulgated pursuant to that act; (2) whether the regulation violates the Due Process clause of the 14th Amendment of the United States Constitution; and (3) whether the Department failed to follow its own regulation. We will discuss only the first issue, since it is dispositive of the appeal.

Mrs. Barela lives with her husband and three children, one of whom, the eldest, is the child of a previous marriage. She has applied for AFDC benefits only for this child. Mr. Barela has not adopted the child and is not obligated to support her under New Mexico law. The family's only income is from Mr. Barela's wages; Mrs. Barela is not employed.

The child's need was computed to be $111. Based on the Department's regulation, one half of her stepfather's income was attributed to her mother as being the latter's share of the community property income.

The mother's share after appropriate deductions was found to be $129. This amount was considered available to the child. No finding was made as to whether it was actually available. Since the money deemed available to the child exceeded her need, the AFDC application was denied.

A. *Availability of Income*—In determining whether the budget group is eligible for AFDC on the condition of need, income currently received by members of the household is considered available to the budget group in the amounts specified below. . . .

1. *Division of Income between Spouses*—In keeping with the State's community property law, one half (½) the community property income of spouses is considered available to each spouse when they live together. . . .

HSSD Assistance Programs Manual, § 221.-832 (1978). The regulation thus provides that one half of the wage-earner's income is considered available to the dependent children, irrespective of the legal relationship between the wage-earner and those children. Federal regulations, on the contrary, explicitly require that only the income of the natural or adoptive parent and the income of a stepparent legally obligated by state law to provide support may be *considered* available to support the dependent children. Income from any other source must be shown to be *actually* available on a regular basis.

*Factors specific to AFDC*

(a) *State plan requirement.* . . .
In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the [child's natural or adoptive parent or stepparent legally obligated to support the child under State law of general applicability] will be considered available for children in the household in the absence of proof of actual contributions.

HEW Assistance Programs, 45 C.F.R. § 233.90(a) (1978).

State regulations concerning AFDC programs cannot contravene the federal law and valid federal regulations implementing those programs. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). In cases of conflict, the state regulations are rendered invalid by the Supremacy Clause of the United States Constitution. *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971). The HEW regulations concerning the basis of computing available income are valid. *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970). As the United States Supreme Court stated there:

HEW may, in other words, reasonably conclude that an obligation to support under state law must be of "general applicability" to make that obligation in reality a solid assumption on which estimates of funds actually available to children on a regular basis may be calculated.

Any lesser duty of support might merely be a device for lowering welfare benefits without guaranteeing that the child would regularly receive the income on which the reduction is based . . .

*Id.* at 558–59, 90 S.Ct. at 1285. The HEW regulations permit only the income of the natural or adoptive parent and of the stepparent obligated under state law to support the child to be considered available in the absence of proof of actual and regular contributions to the child's support. 45 C.F.R., *supra*; *Lewis, supra*; *Nolan v. de Baca*, 603 F.2d 810 (10th Cir. 1979).

State regulations providing that a stepparent contributes to the support of his stepchildren for purposes of computing AFDC eligibility have been invalidated in jurisdictions where the stepparent was not legally obligated to support the children. *Lewis, supra*; *Nolan, supra*; *Rosen v. Hursh*, 464 F.2d 731 (8th Cir. 1972); *Gaither v. Sterrett*, 346 F.Supp. 1095 (N.D.Ind.), *aff'd*, 409 U.S. 1070, 93 S.Ct. 688, 34 L.Ed.2d 660 (1972); *Solman v. Shapiro*, 300 F.Supp. 409 (D.Conn.), *aff'd*, 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5 (1969); *Jenkins v. Georges*, 312 F.Supp. 289 (W.D.Pa.1969); *In re Slochow-*

*sky,* 73 Misc.2d 563, 342 N.Y.S.2d 525 (Sup. Ct.1973). *See also Grubb v. Sterrett,* 315 F.Supp. 990 (N.D.Ind.), *aff'd,* 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182 (1970); *Ojeda v. Hackney,* 319 F.Supp. 149 (N.D.Tex. 1970); *In re Fowler,* 130 Vt. 176, 288 A.2d 463 (1972). In Iowa the regulation was upheld, but only because under common law in that state, a stepparent is legally obligated to support his stepchildren. *Kelley v. Iowa Department of Social Services,* 197 N.W.2d 192 (Iowa 1972). It is undisputed that in New Mexico, a step parent is not under this legal obligation. *See, Nolan, supra.* Consequently the federal regulations prohibit, in New Mexico, the use of a stepparent's income in computing the need of his stepchild, absent proof that his income is actually available for that child's support.

■ It is irrelevant whether the entire amount, or only part, of the stepparent's income is considered available to the child. *Nolan, supra.* State community property law cannot be used to subvert federal regulations. *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *accord, Nolan, supra.*

■ To consider the income, or any fraction of it, of any person not under a legal obligation to the child as automatically available for that child's support, contravenes explicit federal regulations concerning the AFDC program. The one half of Mr. Barela's income imputed to Mrs. Barela under the Department's regulation can only be used in computing the AFDC eligibility of the stepchild when the money is shown to be *actually* available for current use on a regular basis for the child's support.

The case is reversed and remanded for a determination of the actual availability of one half of the community property income for the support of the AFDC applicant, and for proceedings consistent with this opinion.

IT IS SO ORDERED.

WOOD, C. J., and HENDLEY, J., concur.