623 P.2d 985

Lisa HARPER, Appellant,

v.

NEW MEXICO DEPARTMENT OF HU-
MAN SERVICES, INCOME SUPPORT
DIVISION, Appellee.

No. 12972.

Supreme Court of New Mexico.

Sept. 29, 1980.

See also, N.M., —— P.2d ——.

Gary J. Martone, Joseph Goldberg, Mi-
chael B. Browde, Albuquerque, for appel-
lant.

Jeff Bingaman, Atty. Gen., Robert N.
Hilgendorf, Deputy Atty. Gen., Gordon L.
Bergman, Asst. Atty. Gen., Santa Fe, for
appellee.

OPINION

PAYNE, Justice.

This case was certified from the Court of
Appeals because of a conflict in the prece-
dents in that court. The appellant, Mrs.
Harper, made application for aid to families
with dependent children (AFDC) with the
New Mexico Department of Human Serv-
ices on behalf of her children by a previous
marriage. Her application was denied by
the Department because of the community
income earned by her present husband, the
non–adoptive stepfather of the children for
whom AFDC is sought. We reverse.

Living in the home are four children of
Mrs. Harper's previous marriage (the appli-
cants for AFDC) and two children of the
current marriage. Mr. Harper's present
community income is $23,243 a year; Mrs.
Harper has no separate income. The De-
partment's regulations require including
one–half of the community property income
in the determination of qualification for
AFDC benefits if the stepfather is residing
in the home. This regulation is based on a
conclusive presumption that one–half of the
community income is available for the chil-
dren's support.

To the extent that the Department's reg-
ulations create a conclusive presumption
that the non–adoptive stepfather's income
is available to the children, we hold them to
be invalid.

Three cases have recently dealt with the issue of the Department's community property AFDC regulations. Two of the cases, *Barela v. N. M. Dept. of Human Ser., Etc.,* 94 N.M. 288, 609 P.2d 1244 (Ct.App.1979), *cert. denied,* 94 N.M. 629, 614 P.2d 546 (1979), and *Duran v. New Mexico Department of Human Services,* No. 4350 (Ct.App., March 4, 1979), *cert. granted,* No. 13,005 (April 11, 1980), were decided by the Court of Appeals with inconsistent conclusions, and are the reason for the certification. The third case, *Nolan v. C. de Baca,* 603 F.2d 810 (10th Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 2927, 65 L.Ed.2d —— (May 1980), arose in the federal district court.

In *Nolan,* the wife had three children of a previous marriage who were receiving AFDC benefits. The Department, applying the community property law regulation also under attack in this case, drastically reduced their benefits. The stepfather had not adopted the children and claimed he did not voluntarily support them. The United States District Court granted summary judgment to the plaintiffs. The United States Court of Appeals affirmed, holding AFDC regulations were within the federal province and that HEW regulations controlled over state regulations. The United States Supreme Court denied certiorari.

*Barela* is factually similar to *Nolan.* A stepchild was denied AFDC benefits because of the community income earned by his nonadoptive stepfather. The Court of Appeals, following *Nolan,* held that the state regulations conflicted with the federal regulations. This holding was based on the absence of proof of actual contributions by the stepfather to the children's support, as required by the federal regulations. The opinion went on to state: "Community property law cannot be used to subvert federal regulations." *Barela,* 609 P.2d at 1247.

*Duran* overruled *Barela,* stating that both *Nolan* and *Barela* had misinterpreted New Mexico community property law. It held that, since the state regulations correctly applied community property law principles

and that the child could bring suit against its mother to enforce support from her share of the community income, the state regulations were valid.

We recognize the careful and correct analysis of New Mexico community property law made by Judge Hendley in *Duran v. Department of Human Services,* No. 4350 (Ct. Appeals, March 4, 1980). His conclusions accurately state the present state of New Mexico law. New Mexico has a long standing and constitutionally mandated commitment to the community property concept, that a spouse has a present and vested property interest in one–half of the community income, and that this income can be used to meet that spouse's obligations. The application of these principles to the facts presented in the *Duran* case was both logical and reasonable. However, because of the conclusive presumption employed by the Department's regulations, which conflicts with controlling federal regulations that have preempted this area, community property principles cannot be applied.

The controlling federal regulation is, HEW's regulation, 45 C.F.R., § 233.90(a) (1978):

[T]he determination whether a child has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, ... will be made only in relation to the child's natural or adoptive parent, or in relation to the child's stepparent, who is ceremonially married to the child's natural or adoptive parent and is legally obligated to support the child under State law of general applicability which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children.... In establishing financial eligibility and the amount of the assistance payment, only such net income as is *actually available* for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph will be considered availa-

ble for children in the household in the absence of *proof of actual contributions.* (Emphasis added.)

 It is evident by the language of the regulation and its interpretation in both *Nolan* and *Barela,* that it was intended to preempt state law and control the determination of AFDC benefits. Under the supremacy clause of the United States Constitution, if federal regulations have preempted an area and there are conflicting state regulations, the federal regulations prevail. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). The state regulation as contained in the New Mexico Department of Human Services' manual, § 221.832 is in conflict with the federal regulation. The federal regulation, 45 C.F.R. § 233.90(a), requires a showing that the income is *actually available* to the children and if the "parent" is not legally obligated to support the children there must be "proof of actual contributions." In New Mexico, a non–adoptive stepfather has no legal obligation to support his non–adopted stepchildren, *Barela, supra,* though the mother does have a legal obligation to support her children. The state's regulations conclusively presume that the community income earned by the non–adoptive stepfather is available to the children, without a showing of actual contributions. There is a clear conflict between the state and federal regulations. The facts of the instant case do not require us to pass on whether a rebuttable presumption would be consistent with the federal regulations, and therefore we will not decide that question.

While we are constrained to overrule, we reaffirm New Mexico's commitment to the community property principles enunciated by Judge Hendley. The spouse does have a present vested right to one–half of the community property. The mother has a legal obligation to support her children. Her interest in the community property should be used for this purpose. In absence of the controlling federal regula-tions we would follow Judge Hendley's lead and uphold the state regulations.

We reverse.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.