619 P.2d 1232

Isabel **DURAN**, Petitioner,

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES, INCOME SUPPORT DIVISION, Respondent.**

**No. 13005.**

Supreme Court of New Mexico.

Sept. 29, 1980.

See also, 95 N.M. 196, 619 P.2d 1240.

Joseph F. Goldberg, Michael B. Browde, Gary J. Martone, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Robert N. Hilgendorf, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

The issue presented on certiorari in this case is whether a regulation promulgated by the New Mexico Department of Human Services used in computing need for Aid to Families with Dependent Children (AFDC) assistance is invalid as in conflict with controlling federal regulations. We decide that it is invalid.

The regulation in question creates an irrebuttable presumption that approximately one–half of a nonadoptive stepfather's income is available to meet the needs of his stepchildren who receive AFDC benefits. DHS Manual § 231.832. In this case, the regulation was applied to deny the application of Isabel Duran, made on behalf of her one dependent child, for AFDC assistance. The denial was made because Mrs. Duran is married to and lives with Mr. Duran who receives both employment and rental income. The State conclusively presumed that a portion of Mr. Duran's income was available for the support of Mrs. Duran's child, born of a former marriage. No inquiry was made to determine whether the nonadoptive stepfather in fact made any of his income available to meet the needs of his stepchild.

Thus the facts of this case are in all relevant aspects the same as those in *Harper v. New Mexico Department of Human Services,* 623 P.2d 985, (1980) and *Nolan v. de Baca,* 603 F.2d 810 (1979), *cert. denied, sub nom. Ingram v. Nolan,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 814 (1980). In *Harper,* we stated that though the Court of Appeals correctly stated community law principles in this case, those principles could not be applied where the result conflicts with a controlling federal regulation. The federal regulation, 45 C.F.R. § 233.90(a) (1978), does not allow the non–adoptive father's income to be used in determining eligibility for assistance unless that income is "actually available," where the father is under no legal obligation to support the stepchild. There is no such obligation in New Mexico. *Harper, supra.*

We hold that the New Mexico Department of Human Services' regulation on the determination of the availability of a nonadoptive father's income to a stepchild is invalid insofar as it creates a conclusive presumption.

EASLEY, PAYNE, FEDERICI and FELTER, JJ., concur.