17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carol JOHNSON, Lillian Rangel, Judith Steinbach, Plaintiffs-Appellants,
v.
Karen BEYE, Acting Director, Colorado State Department of
Social Services, in her official capacity,
Defendant-Appellee.
 No. 93-1009.
 United States Court of Appeals,
Tenth Circuit.
 March 3, 1994.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and ROGERS*, District Judge.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 2
 Appellants, Carol Johnson, Lillian Rangel, and Judith Steinbach, current and former recipients of benefits under the State of Colorado's Aid to Families with Dependent Children (AFDC), appeal from an order of dismissal granted in favor of Karen Beye in her official capacity as Acting Director, Colorado State Department of Social Services (Director). Appellants brought this suit against Director alleging that she had violated their rights under 42 U.S.C.1983 by depriving them of their AFDC benefits under Title IV-A of the Social Security Act, 42 U.S.C. 601 et seq.
 
 
 3
 The AFDC program "is financed largely by the Federal Government, on a matching fund basis, and is administered by the States." King v. Smith, 392 U.S. 309, 316 (1968). "States are not required to participate in the program, but those which desire to take advantage of the substantial funds available for needy children are required to submit an AFDC plan for approval to the Secretary of Health, Education, and Welfare (HEW)." Id. "[I]t has long been recognized that the state implementing regulations for the AFDC program may not contravene Social Security Act provisions or valid HEW regulations." Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir.1979), cert. denied, 446 U.S. 956 (1980).
 
 
 4
 States, however, "have traditionally been at liberty to pay as little or as much as they choose, and there are, in fact, striking differences in the degree of aid provided among the States." Rosado v. Wyman, 397 U.S. 397, 408 (1970). See also Quern v. Mandley, 436 U.S. 725, 738 (1978) (recognizing the "well-established principle that the States have 'undisputed power to set the level of benefits and the standard of need' for their AFDC programs" (quoting King v. Smith, 392 U.S. at 334)).
 
 
 5
 Appellants initiated this action seeking to compel the Director to reevaluate the need and payment standards for the AFDC program, as required by the Family Support Act, 42 U.S.C. 602(h)[2] and to "compel Defendant to establish a standard of need that reflects the reevaluation." (Appendix of Appellants at 58). Appellants alleged that their "claim for relief against the state Defendant is authorized by 42 U.S.C.1983." Id. at 59.
 
 
 6
 Appellants' amended complaint included three claims for relief:
 
 V. FIRST CLAIM FOR RELIEF
 
 7
 23. The Defendant's [Director] failure to reevaluate her need and payment standards violates 42 U.S.C. 602(h). Accordingly, the Defendant has violated Plaintiff's rights under 42 U.S.C.1983.
 
 VI. SECOND CLAIM FOR RELIEF
 
 8
 24. The Defendant has failed to modify her state's need standard as required by 45 C.F.R. 233.20(a)(3)(ii),[3] to assure that it reflects "the basic and special needs which [the state] recognizes as essential for applicants and recipients." On information and belief, the Defendant will continue to refuse to modify the state's need standard in this manner unless ordered to do so by this court. Accordingly the Defendant has violated the Plaintiff's rights under 42 U.S.C.1983.
 
 VII. THIRD CLAIM FOR RELIEF
 
 9
 25. The Defendant's failure to modify the state's need standard as required by 45 C.F.R. 233.20(a)(3)(ii) violates 42 U.S.C. 602(a)(10)[4] which requires that AFDC benefits be furnished to all eligible individuals. The Defendant is using an arbitrary standard of need to deny aid to individuals who would be eligible now or in the near future if the need standard properly reflected the costs of providing for basis needs as required by federal law.
 
 
 10
 (Appendix of Appellants at 065).
 
 
 11
 Director moved to dismiss. Director argued that: although 602(h) requires the States to reevaluate their need and payment standards every three years, "[t]here is no statutory guidance as to how the States must do the reevaluation of their need and payment standards and, even more importantly, there is absolutely no requirements that the States adjust their need and payment standards as a result of the reevaluation;" "the relief really sought by the plaintiffs herein is for an injunction ordering the defendant to change the standard of need;" and, there is nothing "to support a conclusion that the plaintiffs have a 1983 claim to enforce Section 602(h)." (Appendix of Appellants at 071-72 and 078).
 
 
 12
 Following a hearing, the district court entered a minute order dismissing appellants' amended complaint for failure to state a claim upon which relief can be granted.
 
 
 13
 On appeal, appellants contend that the district court erred in dismissing their complaint. Our standard of review for an order granting a motion to dismiss for failure to state a claim is de novo. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1551 (10th Cir.1992). When reviewing a dismissal of a complaint, we treat all material allegations as true and construe the complaint in favor of the plaintiff. Riggs v. City of Albuquerque, 916 F.2d 582, 584 (10th Cir.1990), cert. denied, 499 U.S. 976 (1991); Razatos v. Colorado Supreme Court, 746 F.2d 1429, 1431 (10th Cir.1984), cert. denied, 471 U.S. 1016 (1985). Dismissal is inappropriate unless the plaintiffs can prove no set of facts in support of their claims to entitle them to relief. Fed.R.Civ.P. 12(b)(6).
 
 
 14
 Appellants' complaint sought to compel Director to comply with 602(h) and reevaluate the standard of need for Colorado's AFDC program, establish an AFDC standard of need as required by 45 C.F.R. 233.20(a)(3)(ii), comply with 602(a)(10) and furnish AFDC to all eligible individuals. Appellants argue that a reevaluation "would demonstrate clearly to the public, and the legislature which determines the payment standard, what are the real and present needs of AFDC recipients." (Opening Brief of Appellants at 23-4). Appellants further argue that: they are entitled to a standard of need based upon reasonable and realistic amounts; "it is within the province of a court to determine whether the standard of need established by a state agency is arbitrary and capricious," id. at 27; and since the "current standard of need is much lower than actual need," id. at 31, they have been denied benefits to which they would have otherwise been entitled.
 
 
 15
 Director responds that: 602(h) was not intended to benefit the appellants and does not create rights, privileges or immunities actionable under 1983; the requirements of 602(h) "are administrative and record-keeping in nature rather than substantive requirements on the States," (Appellee's Answer Brief at 10); "[n]othing in the terms of 45 C.F.R. 233.20(a)(3) supports the appellants' position that the section gives rise to enforceable rights actionable under 1983," id. at 16-7; and 602(a)(10) "does not give rise to actionable rights on behalf of the appellants in this case." Id. at 22.
 
 
 16
 Appellants alleged that Director violated 1983 by depriving them of certain AFDC benefits. Section 1983 provides "a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hospital Association, 496 U.S. 498, 508 (1990). In Maine v. Thiboutot, 448 U.S. 1, 4 (1980), the Supreme Court observed that "suits in federal courts under 1983 are proper to secure compliance with the provisions of the Social Security Act on the part of the participating States."
 
 
 17
 Section 1983 "... speaks in terms of 'rights, privileges, or immunities,' not violations of federal law." Wilder, 496 U.S. at 509 (quoting Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 106 (1989)). "In deciding whether a federal right has been violated, we have considered whether the provision in question creates obligations binding on the government ... [and] whether the provision in question was 'intend[ed] to benefit' the putative plaintiff." Golden State Transit Corp., 493 U.S. at 106 (citations omitted). Section 1983 "is not available to enforce a violation of a federal statute where Congress has foreclosed such enforcement of the statute in the enactment itself and where the statute did not create enforceable rights, privileges, or immunities within the meaning of 1983." Suter v. Artist M., 112 S.Ct. 1360, 1366 (1992) (quoting Wright v. Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 430 (1987)).
 
 
 18
 Here the district court relied on Suter and Wright in finding that appellants did not have a viable 1983 cause of action against Director:
 
 
 19
 1983 is not available to enforce the violation of the federal statute in the absence of a showing that such enforceable right, privilege, or immunity, meaning 1983, is created by the statute.
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 I think the most recent Supreme Court case involved here ... is the Suter case, which everyone referred to.... The case involved the issue of the enforcement of the Adoption Assistance and Child Welfare Act and held generally that under the act, there are no rights subject to creating any implied or private cause of action for enforcement.
 
 
 23
 The court held pursuant to previous cases that the court had recognized in many cases that 1983 is available as a remedy for violations of federal statutes as well as for constitutional violations. However, this was modified to the extent that they have, in the case of Wright versus Roanoke Development and Housing Authority, 479 U.S. 418, recognized as well that 1983 is not available to enforce the violation of the federal statute where Congress has either foreclosed such enforcement by the statute itself within the enactment or where the statute does not create specifically enforceable rights, privileges, or immunities within the meaning of 1983.
 
 
 24
 * * *
 
 
 25
 * * *
 
 
 26
 This statute here involved simply provides, as indicated, that each state shall make a reevaluation of the payment standard and need standard under the act at least every three years in accordance with the secretary's schedule and make a report to the public and to the secretary.
 
 
 27
 * * *
 
 
 28
 * * *
 
 
 29
 42 U.S.C. 602(h), as the Court indicates, is simple. It's straightforward. It requires only the reevaluation of the need and payment standards and the filing of the report.... There is no requirement that the states are just in meeting payment standards as a result of the reevaluation, and there's no requirement that they do anything with the reevaluation save make the required reports. The language of 602(h) is not ambiguous, does not contain the requirements claimed by the plaintiffs which would inure to their benefit.
 
 
 30
 It is a well established principle that the states have the power to set their level of benefits under these federal statutes in the absence of some mandate to the contrary. Nothing in 602(h) in this Court's opinion alters that well-established principle, and there are no--there are, accordingly, no enforceable rights, privileges, or immunities at stake under 602(h). Thus, the plaintiffs cannot in this Court's opinion and do not state a claim.
 
 
 31
 (Appendix of Appellants at 117-20).
 
 
 32
 We hold that the district court properly relied upon Suter and Wright in dismissing appellants' 1983 cause of action for failure to state a claim upon which relief can be granted.
 
 
 33
 Under 602(h), states participating in the AFDC program are required to reevaluate their standard of need every three years and report such results to the Secretary. Under 602(a)(10), participating states must insure that individuals wishing to make AFDC applications have the opportunity to do so and that aid to families with dependent children shall be furnished with reasonable promptness. Neither of the statutes, nor C.F.R. 233.20(a)(3)(ii) which defines "need standard" and "payment standard," created any rights, privileges, or immunities in favor of appellants enforceable under 1983.
 
 
 34
 Appellants complaint was, in essence, a request for a higher standard of need, a matter over which the states have "undisputed power." King v. Smith, 392 U.S. at 334. The burden was on appellants "to demonstrate that Congress intended to make a private remedy available." Suter, 112 S.Ct. at 1370. Appellants have failed to establish that Congress intended to create the private remedy asserted. See Arkansas Medical Society, Inc. v. Reynolds, 6 F.3d 519, 525 (8th Cir.1993) (Suter placed great emphasis on the fact that rights must be unambiguously conferred to be enforceable).
 
 
 35
 AFFIRMED.
 
 
 
 *
 The Honorable Richard D. Rogers, Senior Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 602(h) provides in part: Each State shall reevaluate the need standard and payment standard under its plan at least every three years in accordance with a schedule established by the Secretary, and report the results of the reevaluation to the Secretary and the public at such time and in such form and manner as the Secretary may require
 
 
 [3]
 233.20(a)(3)(ii) provides: Need standard means the money value assigned by the State to the basic and special needs it recognizes as essential for applicants and recipients; payment standard means the amount from which non-exempt income is subtracted
 
 
 [4]
 602(a)(10) provides in part that a state's plan must: ... provide that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so and that aid to families with dependent children shall ... be furnished with reasonable promptness to all eligible individuals