559 P.2d 400

**Gordon W. McCLURE, Plaintiff-Appellee,**

v.

**Mildred Lucille McCLURE,
Defendant-Appellant.**

**No. 10767.**

Supreme Court of New Mexico.

Aug. 13, 1976.

Rodey, Dickason, Sloan, Akin & Robb, Gene C. Walton, Albuquerque, for defendant-appellant.

Paul P. Shwartz, Jon T. Kwako, Albuquerque, for plaintiff-appellee.

## OPINION

GENE E. FRANCHINI, District Judge.

The present proceeding arises out of a Motion filed by the Plaintiff, Gordon W. McClure, pursuant to Section 22–7–6, N.M. S.A.1953 (Supp.1975), to terminate any further obligation to pay alimony to the Defendant, Mildred Lucille McClure, and a Motion filed by said Defendant pursuant to the same statutory provision to increase Plaintiff's alimony obligation. The District Court for the Second Judicial District entered its Order reducing and terminating over a period of four (4) years Plaintiff's obligation to pay alimony to the Defendant.

The original decree was entered on March 4, 1970, at which time the Plaintiff was ordered to pay Defendant alimony in the sum of $350.00 per month as well as support for one minor son in the sum of $250.00 per month and the college education of his daughter in the sum of $3,840.00 per year.

On September 9, 1971, pursuant to a Motion filed by the Defendant, the Court increased the alimony to $400.00 per month. The daughter's support had terminated in June of 1971 as her education was completed and Plaintiff became obligated to pay for his son's college education in the approximate sum of $3,000.00 per year. By June of 1971, Plaintiff had married his second wife and Plaintiff acquired a stepdaughter who was then in high school. Defendant was then making $8,400.00 per year.

On October 10, 1974, the Plaintiff filed a Motion to terminate alimony and on November 12, 1974, Defendant filed a Motion for an increase. (At this time, Defendant was gainfully employed and had income from all sources of $17,439.82 per annum). Plaintiff's income had increased from $26,500.00 at the time of the divorce to $38,400.00 at the time of this hearing. He was still spending $3,000.00 to $4,000.00 per year for his son's education who is over 18 years of age and Plaintiff is providing a college education for his stepdaughter. The Defendant inherited $30,000.00 in 1968 and has invested and reinvested these funds in stocks and bonds over the last five (5) years. On April 20, 1975, the Trial Court conducted a hearing and pur-

suant thereto subsequently filed Findings of Fact and Conclusions of Law. The Court below ordered that the monthly alimony payments be decreased by $100.00 on the first day of each July, commencing with July 1, 1975, so that the alimony obligation would be completely terminated by July 1, 1978. Defendant appeals.

■ Defendant argues that there has not been such a change in circumstances as to warrant a termination of alimony even over a period of three (3) years. We disagree.

The Court's Finding of Fact number 10 states:

"The Defendant, while gainfully employed, has an income sufficient to take care of her support and maintenance in a manner to which she has become accustomed, and is not in need of additional sums of alimony from the Plaintiff".

Findings of fact will not be disturbed on appeal if supported by substantial evidence. *Muckleroy v. Muckleroy,* 84 N.M. 14, 498 P.2d 1357 (1972).

The award or denial of alimony is discretionary with the trial Court and will be reversed only if that discretion has been abused. *Burnside v. Burnside,* 85 N.M. 517, 514 P.2d 36 (1973). We find no abuse of discretion.

■ In *Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974) this Court set down a number of circumstances to be considered by the Trial Court in this type of case. These were, "the needs of the wife, her age, health, and the means to support herself, the earning capacity and future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties". To these we would add the element or circumstance of time. The Appellee here has paid alimony to a former spouse for over five (5) years. This circumstance of time, taken into consideration with the other circumstances is sufficient for the Trial Court to consider a change in the alimony provisions of the original decree. Alimony is a personal right and not a property right. *Burnside v. Burnside,* supra. As such, it should not continue without end if the circumstances have changed due to the passage of time, as they have here, and the recipient is able to support herself.

Appellant quotes extensively from *Lord v. Lord,* 37 N.M. 24, 16 P.2d 933 (1932) that a husband's remarriage and support of a stepchild are by themselves insufficient changes of circumstances to justify the modification of the award of alimony. These facts exist in the present case; however, they are combined with other facts which together and as a whole do show a sufficient change of circumstances to eventually terminate alimony. This is precisely what was done by the Trial Court. There is no error.

The Appellant's second point, i.e., error of the Trial Court in denying her Motion to increase alimony is without merit.

AFFIRMED:

IT IS SO ORDERED.

OMAN, C. J., and MONTOYA, J., concur.