NELLIE K. WRIGHT, Plaintiff-Appellant, *v.* ROBERT G. WRIGHT, JR., Defendant-Appellee

NO. 7376

FEBRUARY 5, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

This appeal is taken by the wife from the order of the family court fixing child support at $75.00 per month per child for a total of $225.00 per month. The wife ascribes error to the court's consideration of her former husband's current economic status, including the fact of his remarriage, in setting the amount of child support where no previous order of support had ever been entered.

At issue before us are (1) whether it was appropriate for the trial court to take into account the husband's current economic status, including his remarriage, in determining the amount of his obligations to his first family; and (2) whether the court abused its discretion in fixing the support order at $225.00 given the respective financial positions of the parties. We find no error and affirm the decision for the reasons stated herein.

The parties were married on July 28, 1965. Three children were born to the marriage. The Decree of Absolute Divorce was entered on December 1, 1970. Appellant-Wife was awarded care and custody of the three minor children. The decree reserved all matters relating to child support and alimony.

The action began when the wife filed, in October 1978, an Order to Show Cause After Order or Decree to establish the amount of support husband should be required to pay wife for the care of the minor children. The hearing was set before Judge Yim on February 8, 1979. Wife testified that she had received some irregular sums of money for the support of the children at various times since the entry of the divorce decree and that the children had lived with their father during a previous school year. At the time of the hearing, wife was employed as a secretary at Bank of Hawaii and had a gross income of approximately $1,045.00 per month. She listed expenses of $333.00 for the care of the minor children and $223.00 for mortgage payments on a house she was buying. Wife claimed that the husband's offer to pay $75.00 per month per child was inadequate.

Husband testified that he was employed as a vice president/general manager of a restaurant management firm and had a gross salary of $2,084.33 per month. Since the entry of the divorce decree, husband had remarried and had three children by his second wife. The income and expense statement filed by husband did not include his second wife's salary but husband testified that she received a net income of approximately $800.00 a month. Among his expenses he listed $954.00 for mortgage payments and $644.82 for personal loans he and his wife had taken out to buy a controlling

interest in a restaurant business. He also listed two auto loans totaling $487.00 in monthly payments and extensive credit card obligations on which he owed $400.00 per month.

After hearing all the evidence, the court made the following findings to which the wife ascribes error:

5. Since there are no existing support orders, the defendant's ability to contribute towards the support of the children must be ascertained in light of his present economic circumstances, including, but not limited to his present marriage and three children of the present marriage and his current financial obligations.

6. The defendant did offer on the record to pay as and for child support the amount of $75.00 per child per month for a total of $225.00 per month; even taking cognizance of his present wife's income, the defendant does not possess the ability to reasonably afford any monies in excess of this offer.

Wife argues that the court erred as a matter of law in finding that the husband's remarriage and its subsequent economic responsibilities could be a factor in ascertaining his ability to contribute to the support of his first family in a situation where the original decree filed eight years earlier had reserved the question. We disagree and do not find the law to be so rigid. Section 580-47 of the Hawaii Revised Statutes requires the following with respect to entry of support orders:

§ 580-47 Support orders; division of property. . . . In making such further orders, the court shall take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. . . .

Generally, the remarriage and subsequent financial obligations of a party are not before the court when the initial support order is sought. However, it is a normal situation where a party seeks modification of a previous existing support order. Wife contends that the law does not permit the fact of remarriage and its subsequent obligations to justify

modification of an existing support order, and therefore that it likewise should not be a factor in establishing the initial support order. We disagree. The general rule is that the fact of remarriage, *alone*, does not justify modification of existing support order; it is, however, one of the elements that the court can consider in weighing the equities of the situation. *Fought v. Fought,* 94 Ariz. 187, 382 P.2d 667 (1963); *Bisbee v. Bisbee,* 250 Or. 234, 441 P.2d 615 (1968). Where the father has remarried and a child or children have been born of the second marriage, the family court can properly take into account the needs of those children or the needs of the new wife when determining whether to modify an order for the support of the children of the first marriage. 24 AM. JUR. 2d *Divorce and Separation,* § 849 (1966). *Walsh v. Walsh,* (Okla.) 460 P.2d 122 (1969).

We think the better view is that adopted by the trial court. In our view, the family court may properly consider the husband's current obligation to his second family as part of the totality of circumstances bearing upon his ability to pay a fixed amount of child support where there has been no previous order of support.

Our decision does not lessen the obligation of the father to support his first family but it does permit the family court, in its broad discretion, to properly consider all the relevant circumstances and achieve a fair balancing of the equities for the benefit of all the parties.

The decisions of a family court judge in a domestic relations matter will be set aside only where there has been a manifest abuse of the judge's wide discretion in such matters. *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). We have carefully reviewed the records in this case and find no basis to conclude that the lower court abused its discretion.

Wife, additionally, argues that there is no evidence of any testimony given by her to support finding of fact no. 2.

2. The plaintiff, from December 1, 1970 until the filing of the instant pleadings, has not sought in any fashion to return the matter to this court to fix the defendant's responsibility as and for child support; that plaintiff testified that she did not see any reason to do so since

the defendant did, in fact, provide to the best of his ability for the support of the children of the parties.

While we agree that the portion of the finding which indicates that the plaintiff testified is clearly erroneous, we do not think that reversal is required. Erroneous findings of fact that are unnecessary to support the decision and judgment of the trial court are not grounds for reversal. *Prude v. Lewis*, (N.M.) 430 P.2d 753 (1967). In our view, the finding in question, in the context of this case, is of marginal relevance only and is clearly not necessary to support the family court's decision. Appellant was not so prejudiced by its inclusion as to require reversal.

Affirmed.

*Diane T. Kawauchi*, deputy corporation counsel, on the opening brief, for plaintiff-appellant.