ROBERT E. HAWORTH, Plaintiff-Appellant, *v.* STATE OF HAWAII, Defendant-Appellee

NO. 8032

HONORABLE S. GEORGE FUKUOKA, JUDGE

(CIVIL NO. 2316)

AUGUST 27, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff-Appellant Robert E. Haworth (Haworth) appeals the judgment in favor of defendant-appellee State of Hawaii (State). The issue is whether the trial court erred in deciding that the State did not breach its duty with respect to the issuance of work instructions to Haworth and in supervising his performance. We affirm.

Haworth was a prisoner at the State's Olinda Honor Camp, Maui, Hawaii. He and four other inmates were issued steel helmets and assigned to "chip" and "shave" loose boulders and rocks from cliffs adjacent to and rising above unpaved Kahakuloa Road. On December 21, 1972 Haworth was working on a cliff formed when the end of a ridge was cut. The apex of the cliff was approximately thirty feet above Kahakuloa Road.

Haworth was standing on top of the ridge near the edge of the

cliff when he observed a large rock protruding from the cliff about four feet from its apex. Haworth tested his footing with his "ho-ho."[1] Being satisfied that a ledge approximately three and one-half or four feet below him would support him, he then descended to the ledge and began to pry the rock loose. Haworth is 5 feet 10 inches in height, and when he stood on the ledge, the top of the cliff was at his mid-back or shoulder.

Louis Abreu, the supervising security officer, saw Haworth, recognized the danger that Haworth had exposed himself to, and calmly instructed Haworth to get himself on top of the ridge.

Responding to Abreu's instructions, Haworth began to press himself upward with his back to the cliff, his "ho-ho" in his right hand, and his left hand placed behind him on the hill. The earth behind him gave way, however, and caused Haworth to fall approximately ten feet to a lower ledge and then approximately twenty feet to the road below.

As a result of his fall, Haworth suffered a "compound fracture of the distal right radius and ulna with a compression of the median ulna nerve."

The State incurred $1,703.49 in medical and hospital expenses for the treatment of Haworth's injury and expected to incur $350 more. Haworth suffered general damages which the court's findings valued at $25,000.

Haworth sued the State, alleging that his "fall was the direct and proximate result of [the State's] failure to provide [him] with a safe place to work and/or equipment, safety devices or other appurtenances as would render safe the work performed by [him]."

After a bench trial the court found and concluded, *inter alia*, as follows:

### FINDINGS OF FACT
\* \* \* \* \*

10. Working near the edge of the aforesaid hill embankments was hazardous.

---

[1] Hayworth testified that a "ho-ho" is a "long metal pole like with a spade on the bottom of it and we used it to chip the edges." The proper spelling of the implement is "'o'o." M. Pukui and S. Elbert, *Hawaiian Dictionary*, Hawaiian-English, English-Hawaiian (Hono., Univ. of Haw. Press 1971).

11. Plaintiff had done similar labor for the past months and periodically received safety instructions from his supervisor Louis Abreu that if Plaintiff at anytime encountered any dangerous task during his work, he should refrain from doing such task for his own safety and report it to his supervisor, who would decide upon alternative methods to accomplish such task.

12. Before leaving for the road work on the morning of December 21, 1972, at the Olinda Honor Camp shop, Louis Abreu gave instructions to Plaintiff and the other inmates on the activities for the day, which included: 1) a reminder of aforesaid safety instructions; 2) a discussion of how a large boulder on the top of a hill would be dislodged solely by a bulldozer operated by an inmate; 3) an assignment of the other inmates, including the Plaintiff, to work on the lower embankments around said hill; and 4) a caution as to the danger of being at the top of the hill where the bulldozer will be working.

\* \* \* \* \*

15. By climbing to the top of the hill, the Plaintiff disobeyed the safety instructions and work assignment given by Louis Abreu.

\* \* \* \* \*

17. When the Plaintiff lowered himself onto said boulder, he disregarded Louis Abreu's safety instructions; he was attempting an obviously dangerous task; and he unreasonably and unnecessarily placed himself in a dangerous position.

\* \* \* \* \*

### CONCLUSIONS OF LAW

1. Under the facts hereof, Defendant owed to Plaintiff a duty to provide him with proper safety equipment; and having failed to do so, was negligent.

2. Defendant's negligence was not the proximate cause of Plaintiff's injuries.

3. Plaintiff knew or should have known that he was placing himself in a dangerous situation when he went over the edge of the cliff and upon the ledge, contrary to instructions, and thereby assumed the risk of injuring himself.

4. Plaintiff did not exercise ordinary care in the performance of his work and therefore was himself negligent; and this negligence was the proximate cause of his injuries.

Haworth appealed. In *Haworth v. State,* 60 Haw. 557, 592 P.2d 820 (1979), our supreme court decided that the State has a greater duty to warn its prisoners of dangers than it has with respect to its employees. Notwithstanding finding of fact 17 and conclusion of law 3, the court stated that "[t]here was no finding by the trial court as to [Haworth's] awareness of the risk to which he exposed himself in his attempt to dislodge the rock." The lower court's judgment was vacated, and the case was remanded for a finding with respect to the "exercise of reasonable care by the State in issuing work instructions to [Haworth] and in supervising his performance of the work" and a comparison of the State's negligence, if any, with Haworth's negligence. Back at the trial court, both counsel agreed that the judge could decide the issue after examining the transcript, each party's proposed findings of fact and conclusions of law, and supporting memoranda.

On July 15, 1980 the judge entered the following:

*ADDITIONAL FINDINGS OF*
*FACT AND CONCLUSIONS OF LAW*
\* \* \* \* \*

*ADDITIONAL FINDINGS OF FACT:*

2(a). It was not unreasonable for Defendant to require Plaintiff and other inmates to do such road work.

12(a). Under the circumstances, the specific work assignments, instructions and supervision provided by Abreu were reasonable and adequate. It would be unreasonable to require Abreu to directly supervise Plaintiff on a one-on-one basis to specifically instruct Plaintiff as to each step he should take or which specific stone he should remove.

17(a). Plaintiff acted unreasonably and negligently in exposing himself to such a dangerous situation.

*ADDITIONAL CONCLUSIONS OF LAW:*

2(a). Under the facts hereof, Defendant had a duty (1) to issue adequate and sufficient work instructions to Plaintiff and

other inmates and (2) to adequately and reasonably supervise the performance of his work; and having done so, it was not negligent in these respects.

3(a). Having been doing for several months the road work which involved looking for and removing loose rocks and debris from the road embankment, Plaintiff should have been more aware than even the supervisor of any loose material in his immediate vicinity.

4(a). The negligence of Defendant, if any, was less than Plaintiff's negligence in causing Plaintiff's injuries.

On this appeal, Haworth challenges only additional findings of fact 12(a) and 17(a) and additional conclusions of law 2(a), 3(a), and 4(a).

The Hawaii Supreme Court's opinion in *Haworth, supra,* did not question the validity of the trial court's original findings of fact and Haworth does not question their validity in this appeal. They are facts of the case.

In our opinion, additional finding of fact 17(a) is a restatement of finding of fact 17, and the only issue in this appeal is whether additional finding of fact 12(a) is clearly erroneous. The additional conclusions of law are supported by finding of fact 12(a) and by the other unchallenged findings of fact.

Findings of fact shall not be set aside unless clearly erroneous. Rule 52(a), HRCP. Findings of fact are clearly erroneous unless supported by substantial evidence in the record. *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). Substantial evidence is credible evidence which is of sufficient quantity and probative value to justify a reasonable man in reaching a conclusion. *In Re Charley's Tour & Transp. Inc.,* 55 Haw. 463, 522 P.2d 1272 (1974). The credibility of the testimony is for the trial court to determine. *Shinn v. Yee, Ltd.,* 57 Haw. 215, 553 P.2d 733 (1956). Even though the findings are supported by "substantial evidence," they may be set aside on appeal if the appellate court decides that they are against the clear weight of the evidence or otherwise reaches a definite and firm conviction that a mistake has been made. *DeFries v. Association of Owners,* 57 Haw. 296, 555 P.2d 855 (1976); *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1972); *Hawaii Builders Supply Co., Ltd. v. Kaneta,* 42 Haw. 111 (1957); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2585 (1971); 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE:

*Criminal* § 374 (1969). *See Yorita v. Okumoto*, 3 Haw. App. 148, 643 P.2d 820 (1982); n.11 of *Clarkin v. Reimann*, 2 Haw. App. 618, 638 P.2d 857 (1981). However, this exception does not apply to appellate review of jury verdicts. *State v. Yoshimoto*, 64 Haw. 1, 635 P.2d 560 (1981); *DeFries, supra.*

The basis for additional finding of fact 12(a) is contained in unchallenged findings of fact 11, 12, 15, and 17. Each of those findings of fact is supported by substantial evidence except finding of fact 12(4). However, finding of fact 12(4) was not appealed. Further, even if finding of fact 12(4) had been deleted, the record and the other findings of fact provide adequate support for additional finding of fact 12(a), and the erroneous finding would not have been grounds for reversal. *Wright v. Wright*, 1 Haw. App. 581, 623 P.2d 97 (1981).

Haworth contends that the State knew or should have known that working on the ridge at the edge of the cliff was dangerous and thus was negligent in failing to warn or advise him not to do so.

The trial judge found, based on substantial evidence, that the dangers that existed were or should have been obvious to Haworth; that Haworth was instructed to work on the lower parts of the cliff; that Haworth was not instructed to work on the ridge at the edge of the cliff; that Haworth negligently descended from a safe position on the ridge to an extremely dangerous position near the top of the cliff which act resulted in his injury; and that the State's work assignment, instructions, and supervision were reasonable.

We find no reversible error in the appealed findings and conclusions, and we do not have a definite and firm conviction that a mistake has been made.

Affirmed.

*James Krueger (Madelyn Perry* with him on opening brief) for plaintiff-appellant.

*Glenn I. Kimura (Craig Kugisaki* on the brief), Deputy Attorney General, for defendant-appellee.