727 P.2d 558

**Barbara DeTEVIS, Formerly Barbara Aragon, Petitioner-Appellant and Cross-Appellee,**

v.

**Steven L. ARAGON, Respondent-Appellee and Cross-Appellant,**

**and**

**Lydia Roybal Aragon, Intervenor.**

No. 8762.

Court of Appeals of New Mexico.

Oct. 9, 1986.

794

Michael M. Rueckhaus, P.C., Albuquerque, for petitioner-appellant and cross-appellee.

Daniel E. Pedrick, Albuquerque, for respondent-appellee and cross-appellant.

Charlotte Mary Toulouse, Toulouse, Toulouse & Garcia, P.A., Albuquerque, for intervenor.

## OPINION

DONNELLY, Judge.

This case involves separate appeals by former spouses from denial of their respective motions. Wife appeals from denial of her motions to increase awards of both alimony and child support; husband cross-appeals from denial of his motions to reduce alimony and child support. We affirm in part, reverse in part, and remand for further proceedings.

In her appeal, wife raises two issues: (1) whether the court erred in failing to compel the production of certain documents relating to the income of husband's new wife; and (2) whether the court erred in refusing to consider the income of husband's new spouse in determining whether there had been a substantial change of circumstances. Wife's brief-in-chief lists several issues not raised in her docketing statement; nonjurisdictional issues which are not addressed in the docketing statement may not be asserted for the first time in the brief-in-chief. *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App.1980).

On his cross-appeal husband asserts: (1) that the trial court erred in failing to order his former wife to contribute to the support

of their two sons, who reside with him; and (2) that the trial court abused its discretion in not reducing his child support and alimony obligations.

Husband and wife were divorced on March 20, 1984, following a marriage of fourteen years. The parties agreed to a stipulated marital settlement agreement which was approved by the court. The decree provided that the parties should have joint custody of their three children, that the youngest child would reside with wife, and that the two older children would reside with husband. The decree also provided that husband would pay wife $450 per month as alimony, and the additional sum of $400 per month as child support for his minor daughter. Neither the settlement agreement nor the final divorce decree addressed the issue of wife paying any child support to husband for the two boys placed in husband's primary custody.

Husband entered into a second marriage on July 21, 1984 to the intervenor. On October 2, 1984, husband filed a motion to decrease alimony, and wife responded by filing a reply and counter-petition asking for increased child support. Husband's new wife petitioned and was allowed to intervene in the case below. Thereafter, husband filed a motion to reduce the amount of child support he was required to pay, and requested that wife be required to pay child support for the support of the two teenage boys residing with him. Husband is a dentist and wife is employed full-time as a data processing operator.

Following the granting of intervention in the cause, wife filed requests for production of financial data from intervenor. Both husband and intervenor objected to this demand.

After several hearings involving the claims of the parties, the trial court denied both wife's and husband's respective motions and adopted findings of fact and conclusions of law determining that there had been no significant change of circumstances warranting modification of either the alimony or child support obligations of the parties.

## WIFE'S APPEAL
### (1) REQUESTED DISCOVERY

Wife argues that the trial court erred in denying her requests for production of documents from the intervenor relating to intervenor's community earnings. Wife asserts this information was relevant and necessary in support of her motions to obtain an increase in child support from husband. The motion to produce filed by wife and served upon intervenor sought, among other things, intervenor's earning records for 1984, 1983 tax returns, statements and cancelled checks for 1984, statements of all savings accounts for 1984 to the present, medical insurance coverage, retirement earnings, a copy of any prenuptial agreement, and statements of any debts incurred by intervenor exceeding the sum of $100.

Both husband and intervenor objected to the motion to produce, contending the requested information was irrelevant because intervenor had no duty to support wife or the minor children in question. The trial court reserved ruling on the relevance of intervenor's income but ordered intervenor to produce her earning records for income received from all sources since January 1, 1984, the medical insurance policies covering husband and the two sons residing with intervenor and husband, and any information relating to profit sharing, retirement, IRA or Keogh plans entered into since intervenor's marriage. The court sustained intervenor's objections to the other requests. The parties stipulated there had been no prenuptial agreement.

■ We find no error in the court's ruling. The trial court directed production of most of the items sought by wife which related to both intervenor's earnings and indebtedness subsequent to her marriage to husband. Although the rules favor the allowance of liberal pretrial discovery, *Marchiondo v. Brown*, 98 N.M. 394, 649 P.2d 462 (1982), the trial court is vested with discretion in determining whether to limit discovery. *Salitan v. Carrillo*, 69 N.M. 476, 368 P.2d 149 (1961). A trial court's ruling limiting discovery is subject

to reversal only upon a showing of an abuse of discretion. *Id.* *See also Richards v. Upjohn Co.,* 95 N.M. 675, 625 P.2d 1192 (Ct.App.1980); *Griego v. Grieco,* 90 N.M. 174, 561 P.2d 36 (Ct.App.1977).

■ The record reflects that the trial court permitted wife broad discovery. Where it appears that the party requesting discovery has already been granted sufficient information, discovery may properly be denied or limited. *Blake v. Blake,* 102 N.M. 354, 695 P.2d 838 (Ct.App.1985). Here, the trial court granted extensive discovery as to intervenor's financial income and indebtedness, and wife fails to point out how she was prejudiced by denial of the additional items. The trial court's order as to discovery is affirmed.

### (2) RELEVANCY OF INTERVENOR'S INCOME

Wife asserts on appeal that the trial court erred in refusing to consider intervenor's community property earnings in determining whether a substantial change occurred warranting an increase in child support for the daughter residing with wife, and whether husband's financial resources were such that an increase in child support was proper.

Wife contends that, while it is clear that intervenor has no duty to support the step-child residing with wife, nevertheless intervenor's earnings following her marriage to husband constitute community property and husband has a vested one-half interest therein. *See Henderson v. Lekvold,* 95 N.M. 288, 621 P.2d 505 (1980). The trial court agreed that the new wife's income was community property, but deemed *Henderson* to preclude consideration of that income. At the hearing on wife's motion to increase child support and husband's motion to reduce alimony and child support, the trial court ruled that it would not consider the community earnings of intervenor in determining whether husband's support obligations should be modified.

■ The legal obligation of a parent to provide child support is not changed by virtue of the remarriage of one or both of the natural parents. In the absence of adoption, the primary obligation of support is not shifted from a parent to a stepparent. *Harper v. New Mexico Department of Human Services,* 95 N.M. 471, 623 P.2d 985 (1980).

Was it error to refuse to consider the community earnings of husband's new wife in determining whether husband's child support obligations should be increased? In *Spingola v. Spingola,* 91 N.M. 737, 744, 580 P.2d 958, 965 (1978), the court held that "[a] subsequent remarriage by either or both of the parties may have some effect upon the financial resources available to support and maintain the children. *Albright v. Albright,* 45 N.M. 302, 304, 115 P.2d 59, 60 (1941). *Philbin v. Philbin,* 19 Cal.App.3d 115, 96 Cal.Rptr. 408 (1971)." Similarly, in *Henderson,* the supreme court noted that remarriage is one of a number of factors to consider when acting upon a motion to modify an award of child support. *See also Smith v. Smith,* 98 N.M. 468, 649 P.2d 1381 (1982); 89 A.L.R.2d 106 (1963).

■ Under New Mexico's community property law, earnings attributable to the labor and talent of a spouse are community property. *Douglas v. Douglas,* 101 N.M. 570, 686 P.2d 260 (Ct.App.1984). Both spouses have a present vested right to one-half of the community property derived from their marriage. *Harper v. New Mexico Department of Human Services. See also Central Adjustment Bureau, Inc. v. Thevenet,* 101 N.M. 612, 686 P.2d 954 (1984). The statutory definition of community property excludes that property of a spouse which qualifies as separate property. NMSA 1978, § 40-3-8 (Repl.1986). Under our cases, a spouse has a legal obligation to use his or her community property interest, even if derived from a subsequent marriage, to support his or her children. *Harper v. New Mexico Department of Human Services.* This principle is consistent with the fact that the interest of the

obligor spouse is property generally subject to the rights of creditors in satisfying separate debts. *See* NMSA 1978, § 40-3-10 (Repl.1986). Separate property belonging to husband's new wife, however, must be viewed differently. *Id.* NMSA 1978, Section 40-4-11(A) (Repl.1986) provides that in determining the liability of a parent for the support of minor children, or the amount of that support, the court "shall make a specific determination and finding of the amount of support to be paid by a parent to provide properly for the care, maintenance and education of the minor children, *considering the financial resources of the parent * * *."* [Emphasis added.]

▮ Questions involving motions for modification of child support and alimony are analogous, and the same legal principles generally apply to both. *Chrane v. Chrane,* 98 N.M. 471, 649 P.2d 1384 (1982). An award of alimony and the fixing of the amount is a matter entrusted to the sound discretion of the trial court in light of the evidence in each particular case. *Lucas v. Lucas,* 95 N.M. 283, 621 P.2d 500 (1980); *Bilbao v. Bilbao,* 102 N.M. 406, 696 P.2d 494 (Ct.App.1985). *See also* NMSA 1978, § 40-4-7(B) (Repl.1986). Remarriage of a husband, unaccompanied by a showing of the existence of other relevant and material circumstances, is not sufficient to justify modification of alimony. *Lord v. Lord,* 37 N.M. 24, 16 P.2d 933 (1932). Remarriage, however, combined with other significant factors and relevant evidence, may constitute a basis to justify modification of alimony. *See McClure v. McClure,* 90 N.M. 23, 559 P.2d 400 (1976). Similarly, remarriage of a parent, whether it is the father or the mother, does not in itself constitute a sufficient change of circumstances to justify a modification of child support, but is an element to be considered under the totality of the circumstances and in weighing the equities between the parties. *See Henderson; see also Fought v. Fought,* 94 Ariz. 187, 382 P.2d 667 (1963); *Wright v. Wright,* 1 Haw.App. 581, 623 P.2d 97 (1981).

▮ In proceedings for modification of alimony and child support, the court must consider the needs and circumstances of husband's former wife and the children of that marriage, and must also consider the necessities of a second family, making a proper and equitable determination in light of all the existing circumstances. *See Hanson v. Hanson,* 47 Wash.2d 439, 287 P.2d 879 (1955). In determining a proper award of support, no precise equation is controlling.

▮ In determining whether to modify child support, the district court must consider the total financial resources of both parents. *See e.g., Spingola; Hanson.* In accord with the authorities cited above, we hold that the trial court erred in refusing to consider the total financial resources of each of the parties, including the husband's interest in the community income of intervenor, incident to the wife's motion.

### HUSBAND'S CROSS-APPEAL
### (1) DUTY OF WIFE TO PAY CHILD SUPPORT

Husband argues that since primary custody of the children was divided between the parents, the trial court erred in not ordering wife to contribute to the support of the two children residing with him. Husband points out that the decree of divorce and the property settlement agreement entered into between the parties failed to make any provision governing the obligation of wife to pay child support to husband.

Husband submitted requested findings of fact indicating that the monthly expenses for the two teenage boys had increased and that he had incurred substantial amounts for counseling for one son during 1984. Husband also submitted a requested conclusion of law that both parties have an equal obligation to support their minor children and that the court should order wife to pay child support. This conclusion of law was rejected by the trial court.

Under Section 40–4–11(A), in proceedings involving determination of liability of a parent for the support of minor children and the amount of that support, the court is required to make a specific determination and finding of the amount of support to be paid by a noncustodial parent to provide properly for the care, maintenance and education of the minor children, "considering the financial resources of the parent." This provision is mandatory. *Spingola.*

The trial court must, if requested, adopt findings of fact resolving the material issues raised by the parties. NMSA 1978, Civ.P.R. 52(B)(1) (Repl.Pamp. 1980). *See also Curbello v. Vaughn,* 78 N.M. 489, 432 P.2d 845 (1967); *Corley v. Corley,* 92 N.M. 716, 594 P.2d 1172 (1979). The original decree was silent regarding wife's obligation to contribute to the support and maintenance of the two children whose primary custody was placed with husband. Husband presented evidence indicating that he had incurred substantial monthly expenses for the support of the two children. Under these facts, it was error for the trial court to refuse to make a specific finding as to the amount of child support, if any, which should be payable by wife to husband for the two minor children whose primary custody was placed with husband.

Although husband did not appeal the original decree, the wife's motion for increased child support included a prayer for a change in primary responsibility for the younger son and additional child support if the change was ordered. In addition, husband's motion for a decrease in child support contains both a request for contribution and a prayer for support to be decreased. Under these circumstances, the court was not precluded from considering wife's obligation to contribute to the support of the older children in connection with her motion. *See Barela v. Barela,* 91 N.M. 686, 579 P.2d 1253 (1978). In view of our disposition of wife's motion, the case must be remanded for further proceedings. On remand, the court should enter appropriate findings with respect to the wife's obligation and may consider her ability to contribute to the support of two older children in ruling on her motion to increase child support. The court is invested with broad discretion and flexibility in determining an award of child support. *Henderson; Spingola.*

Both husband and wife have an equal obligation to support their children in accordance with their capacity and ability. *Barela.* The obligation of the mother to furnish support for minor children is no different from that of the father. *In re Quintana,* 83 N.M. 772, 497 P.2d 1404 (1972); *Spingola. See also* N.M. Const., art. II, § 18. By statutory provision, 1986 N.M. Laws, ch. 41, Section 1, the legislature has provided that in cases involving an award of joint custody of children, each parent has a duty to assist in the responsibility for the children's financial, physical, emotional and developmental needs. NMSA 1978, § 40–4–9.1 (Repl.1986). An award of joint custody, however, does not imply an equal division of financial responsibility for the children. § 40–4–9.1(A). The award of support may take into consideration factors such as the differences in the financial resources of the parents, the ability, if any, of a parent to contribute to the support of a child living with the other parent, the needs of the children, and the facts and circumstances of each case. The court may determine, in light of the facts and circumstances of the particular case, that a parent is unable to support the child or children placed in that parent's custody, and is in need of financial contribution from the other. The financial circumstances of the parties frequently are disparate.

Where primary custody of children is split between the parties and issues of child support are involved, the court in its broad discretion should consider all of the relevant factors and circumstances in order to achieve a fair balancing of the equities in light of the best interests and welfare of the children and the financial resources of the parents. When an issue is directly raised involving a demand for pay-

ment of child support, however, it is error to refuse to adopt a finding as to the amount of child support properly payable from the noncustodial parent to the custodial parent, or to refuse to adopt a finding indicating the basis for denial of the request for child support. § 40–4–11.

Husband also requests reversal of the award of attorney's fees to wife made by the trial court below. Issues not raised in the docketing statement may not be raised for the first time in the brief-in-chief, absent a showing the issue falls within a specific exception. *See State v. Aranda;* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205 (Repl.Pamp.1983). This issue was not preserved on appeal.

### (2) MODIFICATION OF ALIMONY AND CHILD SUPPORT

Husband also contends that the trial court erred in failing to find a material change of circumstances so as to reduce his alimony and child support obligations.

 The trial court found there had not been a justified, substantial change in husband's financial status warranting a reduction in the amount of child support or alimony payable by him. The evidence was conflicting as to these issues. There was some evidence tending to indicate that husband's decline in income may have been temporary. While there was evidence that wife's income had increased, there was additionally evidence that her living expenses had also increased. The burden of proof is on the moving party to satisfy the trial court that circumstances have so changed as to justify the modification sought. *Spingola.* On appeal from the denial of a motion to modify an order providing for child support or alimony, the reviewing court must decide whether the findings of the trial court are supported by substantial evidence, whether any refused findings should have been made, and whether there was an abuse of discretion by the trial court. *Id. See also Lovato v. Lovato,* 98 N.M. 11, 644 P.2d 525 (1982).

 The reviewing court will not overturn the decision of the trial court as to an award of child support, absent a manifest showing of an abuse of discretion. *Spingola.* Findings of the trial court, when supported by substantial evidence, will not be disturbed upon appeal. *Boone v. Boone,* 90 N.M. 466, 565 P.2d 337 (1977); *Brannock v. Brannock,* 104 N.M. 416, 722 P.2d 667 (Ct.App.1985). Similarly, in reviewing an issue on appeal, all disputed questions of fact must be resolved in favor of the successful party, and all reasonable inferences indulged to support the judgment of the trial court. *Boone.* After reviewing the record on appeal, we find the trial court's order denying the husband's motion for decrease in child support and alimony is supported by substantial evidence. We affirm the trial court's ruling on these issues.

We affirm the trial court's ruling as to discovery, and the court's judgment denying husband's motion to decrease his obligation of child support for his minor daughter and the denial of husband's motion to modify alimony. We remand for further proceedings, and the adoption of findings of fact and conclusions of law, as to wife's claim for increased child support, and for husband's motion for award of child support, in light of the matters discussed in our opinion, and for disposition of the issues consistent herewith.

Each party should bear their own attorneys fees and costs on appeal.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.