This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-42401

**KOMAL STIVER, as Personal Representative of the Wrongful Death ESTATE OF ALICIA TRINIDAD HALL,**

      Plaintiff-Appellant,

v.

**ALICE LACELLE, AMANDA GAIL WEST HUNTER, NORMAN HUNTER, JR., and JOSEPH RANSDELL HUNTER,**

      Defendants-Appellees,

and

**AMANDA GAIL WEST HUNTER, as Personal Representative of the ESTATE OF JOHN DAWSON HUNTER, FARMERS INSURANCE EXCHANGE, and JOHN DOES 1-10,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa Chavez Ortega, District Court Judge**

Grayson Law Office, LLC
Brian G. Grayson
Albuquerque, NM

for Appellant

Jones, Skelton & Hochuli P.L.C.
Paul R. Bishop

Raúl P. Sedillo
Arcangelo S. Cella
Albuquerque, NM
for Appellee Norman Hunter, Jr.

Civerolo, Gralow & Hill, P.A.
Lisa Entress Pullen
Albuquerque, NM

for Appellee Joseph Ransdell Hunter

Adams Crow Law Firm
Arlyn G. Crow
Mareike K. Bandy
Albuquerque, NM

for Appellee Amanda Gail West Hunter

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Pursuant to Rule 1-054(B) NMRA, Plaintiff appeals from the district court's order granting Defendants Amanda Gail West Hunter, Norman Hunter, Jr., and Joseph Ransdell Hunter's (Jurisdictional Defendants) motions to dismiss for lack of personal jurisdiction. [D-202-CV-2022-01881 3 RP 641] We entered a notice of proposed disposition, proposing to affirm. Plaintiff filed two memorandums in opposition to that notice and Defendants Norman Hunter, Jr. and Joseph Ransdell Hunter each filed a memorandum in support. Unpersuaded by the memorandums in opposition, we affirm.

**{2}**     In his memorandums, Plaintiff abandons the first three issues raised in the docketing statement based on our proposed conclusion that the issues are not subject to a final order and are therefore not appropriately before this Court. [MIO 2 2] In addressing issues 4 and 5 from our proposed disposition, Plaintiff asserts in the memorandums that they are "mostly intertwined" and discusses them together "in order to avoid repetition and for economical purposes." [MIO 2 2] This Court disagrees that the issues are intertwined. Whether the district court erred in limiting jurisdictional discovery and whether it erred in finding New Mexico lacked personal jurisdiction over the Jurisdictional Defendants are separate issues that are reviewed under different standards of review. We begin by addressing whether the district court erred in granting the Jurisdictional Defendants' motions to dismiss for lack of jurisdiction, which we review de novo. *See Sublett v. Wallin*, 2004-NMCA-089, ¶ 11, 136 N.M. 102, 94 P.3d 845 ("The determination of whether the district court has personal jurisdiction is a question of law that we review de novo.").

**{3}** In our proposed disposition, we relied on *Sanchez v. Church of Scientology of Orange County*, 1993-NMSC-034, ¶ 15, 115 N.M. 660, 857 P.2d 771, for the proposition that the use of a telephone ordinarily does not qualify as purposeful activity invoking the benefits and protections of the laws of New Mexico. *See id.* ("The purposeful activity requirement assumes that a defendant will not be subject to jurisdiction solely as a result of random, fortuitous, or attenuated contacts."); *State ex rel. New Mexico Off. of Atty. Gen. v. Grand River Enters. Six Nations, Ltd.*, 2014-NMCA-073, ¶ 8, 329 P.3d 723 ("In the context of specific personal jurisdiction, the central feature of minimum contacts . . . is the requirement of purposeful availment." (internal quotation marks and citation omitted)). It appeared Plaintiff based her contentions that New Mexico had personal jurisdiction over the Jurisdictional Defendants on text messages between the Jurisdictional Defendants, who do not reside in New Mexico, and Defendant Alice Lacelle, a resident of New Mexico. Those text messages discussed a mental episode that John Dawson Hunter was experiencing two days before he shot Alicia Trinidad Hall. [CN 3-4] In her memorandums, Plaintiff has clarified that the contacts she believes established personal jurisdiction over the Jurisdictional Defendants also includes an 85-minute phone call between Defendant Norman Hunter, Jr. and Defendant Alice Lacelle, which was referenced in the text messages and in our proposed disposition. [MIO 2 7; CN 4-5] We note that Plaintiff does not assert any other contacts with New Mexico that could conceivably apply to the other Jurisdictional Defendants, and it appears her argument relates mainly to Defendant Norman Hunter, Jr., whose only contact with New Mexico appears to be the phone call to Defendant Alice Lacelle. [MIS 2 15]

**{4}** Plaintiff has not provided us with any basis to doubt our prior proposed conclusion. In attempting to distinguish *Sanchez*, Plaintiff contends that "[b]y using the word 'ordinarily,' the Court necessarily declined to create a bright-line rule and left room for future parties to show instances where the use of the mails and telephone could create personal jurisdiction." [MIO 2 11-12] We agree with Plaintiff that the holding from *Sanchez* did not create an absolute rule based on the use of the word "ordinarily." However, Plaintiff does not provide any basis for this Court to conclude that the holding from *Sanchez* would not apply to this circumstance.

**{5}** Plaintiff directs us to *Chavez v. Bridgestone Americas Tire Operations, LLC*, 2023-NMCA-022, ¶ 10, 527 P.3d 652, and asserts that Plaintiff was "only required to make a prima facie showing that Alicia Hall's wrongful death was only related to Defendant Norman Hunter, Jr.'s contacts with New Mexico." [MIO 2 14] However, Plaintiff ignores that *Chavez* also held that the defendant "established numerous purposeful contacts in New Mexico to do business in the state." *Id.* ¶ 9. None of the numerous contacts with New Mexico discussed in *Chavez* are present in this case, and Plaintiff does not contend as such. *See Sproul v. Rob & Charlies, Inc.*, 2013-NMCA-072, ¶ 16, 304 P.3d 18 ("To determine 'purposeful availment,' we look at what activities the defendant directed toward New Mexico."). As our Supreme Court concluded in *Valley Wide Health Services, Inc. v. Graham*, a "single telephone call lacks the purposefulness of [a] defendant's contact which is demanded by due process." 1987-NMSC-053, ¶ 10, 106 N.M. 71, 738 P.2d 1316; *see also DeVenzeio v. Rucker, Clarkson & McCashin*, 1996-NMCA-064, ¶ 12, 121 N.M. 807, 918 P.2d 723 ("[W]e note that

intentionally tortious communications formed the basis of the plaintiffs' claims in *Sanchez*. . . . Nevertheless, [our] Supreme Court rejected the idea that these communications were sufficient to establish personal jurisdiction."). We therefore conclude that Plaintiff has failed to establish the purposeful availment necessary for New Mexico courts to obtain personal jurisdiction over either Defendant Norman Hunter, Jr. or any of the other Jurisdictional Defendants.

**{6}** We next address the district court's order limiting jurisdictional discovery with Defendant Norman Hunter, Jr., an issue we presume is appropriately before us given our prior proposed conclusion and the lack of dispute in any of the briefing. We review the district court's order for an abuse of discretion. *See DeTevis v. Aragon*, 1986-NMCA-105, ¶ 10, 104 N.M. 793, 727 P.2d 558 ("A trial court's ruling limiting discovery is subject to reversal only upon a showing of an abuse of discretion.").

**{7}** In our proposed disposition, we proposed to affirm the district court because Plaintiff's docketing statement did not provide us with the necessary facts or any relevant authority. [CN 5] In her memorandums, Plaintiff likewise did not provide us with the necessary facts to evaluate this issue. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted). Plaintiff's memorandums fail to inform this Court what discovery the district court permitted, and how this was an abuse of discretion. *See Doe v. Roman Cath. Diocese of Boise, Inc.*, 1996-NMCA-057, ¶ 21, 121 N.M. 738, 918 P.2d 17 ("[I]t is incumbent upon [the p]laintiff to demonstrate that the limitation constituted an abuse of discretion so as to prejudice his case."). Based on our understanding of Plaintiff's memorandums, we again note that this issue appears to apply only to Defendant Norman Hunter, Jr.

**{8}** Based on the briefing provided by Defendant Norman Hunter, Jr. and upon our own review of the record, we note the following. Plaintiff initially filed a motion to compel in the district court seeking "broad discovery, including [Defendant Norman Hunter, Jr.'s] tax returns, information regarding his communications with persons outside New Mexico, and his conduct after the date of the shooting, and requested permission to depose him." [Hunter MIS 25] In an initial order on the motion, the district court reserved ruling and ordered Plaintiff's counsel to file an affidavit that addressed the jurisdictional discovery that Plaintiff believed should be conducted prior to the district court ruling on Defendant Norman Hunter, Jr.'s motion to dismiss. [D-202-CV-2023-04581 3 RP 544] In a subsequent order, the district court found, based on its review of the affidavit, that some of the discovery sought by Plaintiff was "not limited to the jurisdictional analysis." [Id. at 545] However, the district court ordered Defendant Norman Hunter, Jr. to respond to two interrogatories and one request for production that were potentially relevant to the jurisdictional analysis. [Id.] In his response to the request for production, Defendant Norman Hunter, Jr. apparently produced a phone record evidencing the 85-minute phone call described above. [Hunter MIS 6]

**{9}** We note that Defendant Norman Hunter, Jr. had already been deposed prior to complying with this discovery, but had not been deposed since Plaintiff had received the phone record through the jurisdictional discovery. We understand Plaintiff's memorandums to be asserting that the district court abused its discretion by not permitting a second deposition so that Plaintiff could question Defendant Norman Hunter, Jr. about the eighty-five-minute phone call. [MIO 2, 7-8] Additionally, we understand the memorandums to be asserting that the district court abused its discretion by not permitting Plaintiff to explore Defendant Norman Hunter, Jr.'s contacts with an acquaintance named "Kim," who apparently resided in New Mexico and whose name appears in one of the text messages. [MIO 2, 8-10]

**{10}** As to the latter assertion, we note that one of the interrogatories appears to have related to communications with Kim. [Id. at 546] Plaintiff does not explain how this interrogatory or Defendant Norman Hunter, Jr.'s response was inadequate or what additional jurisdictional discovery was necessary in this regard. Regardless, we fail to see how any contact with Kim or any matter discussed during the eighty-five-minute phone call would have established that Defendant Norman Hunter, Jr. purposefully availed himself of the laws of New Mexico. *See Blake v. Blake*, 1985-NMCA-009, ¶ 15, 102 N.M. 354, 695 P.2d 838 ("[D]iscovery should be denied if a request is speculative and discovery would amount to a mere 'fishing expedition.'"). As we have previously noted, these types of contacts with New Mexico fail to establish personal jurisdictional. *Sanchez*, 1993-NMSC-034, ¶ 15. We therefore conclude that the district court did not abuse its discretion in limiting discovery to the two interrogatories and one request for production.

**{11}** Lastly, we note that Plaintiff filed a motion to amend her docketing statement concurrently with her second memorandum in opposition. Plaintiff raises an additional issue related to whether the district court erred in denying her motion to supplement the record, which occurred after the district court certified for appeal the order granting the Jurisdictional Defendants' motions to dismiss under Rule 1-054(B). Our understanding is that Plaintiff sought to add to the record a copy of the phone record, which we note appears in the record before this Court. [D-202-CV-2023-04581 3 RP 651-52] We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, if counsel had properly briefed the issue, "we would deny defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable"). Based on our above conclusion that the phone record did not establish personal jurisdiction over Defendant Norman Hunter, Jr., we conclude that this issue is not viable and therefore Plaintiff's motion to amend the docketing statement is **DENIED**. Defendant Norman Hunter, Jr.'s subsequent motion to strike that motion is **DENIED** as moot. Defendant Amanda Gail West Hunter's motion to file notice of joinder to Defendant Norman Hunter, Jr.'s memorandum in support is **GRANTED**. The notice attached therein will be deemed filed as of the date the motion was filed.

**{12}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{13}   IT IS SO ORDERED.

MEGAN P. DUFFY, Judge

WE CONCUR:

JACQUELINE R. MEDINA, Chief Judge

JANE B. YOHALEM, Judge