FILED
United States Court of Appeals
Tenth Circuit

September 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VALERIE ANNE SCHLECHT,

    Plaintiff - Appellant,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant - Appellee.

No. 14-1513
(D.C. No. 1:11-CV-03072-RM-BNB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Valerie Anne Schlecht, appearing pro se, appeals the district court's grant of

summary judgment in favor of her employer, defendant Lockheed Martin

Corporation (LMC), on her disability discrimination claims. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

The facts are thoroughly and accurately set forth in the magistrate judge's

report and recommendation (R&R) and the district court's order adopting the R&R

and granting summary judgment; therefore, we recite only the most salient facts.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Schlecht was employed with LMC as an optical engineer. In 2007, she was assigned to work on LMC's Orion space shuttle project. Her wages were garnished in July 2008 and again in June 2009. In July 2009, she asked LMC to notify her immediately if it was served with another wage garnishment because she suffered from attention deficit disorder (ADD). In September 2009, she asked LMC to notify her within two days of receiving a garnishment order and to give her an accounting and explanation of the order before adjusting her paycheck. Schlecht's wages were not garnished again, however.

In 2009, the Orion project was delayed, so LMC assigned Schlecht to different tasks. This work was not profitable for LMC or related to her optical engineering skills. In August 2009, LMC's president told its employees that it expected to eliminate approximately 800 positions because of federal budget cuts. Schlecht was told she would be included in this reduction-of-force. The funding for the Orion project was cut in 2010, and LMC laid off approximately 490 employees in 2009 and 2010. LMC laid off Schlecht in June 2010.

Schlecht then filed a pro se complaint alleging LMC violated her rights under the Americans with Disabilities Act (ADA). She alleges she suffers from ADD, major anxiety disorder, and post-traumatic stress disorder (PTSD), which cause her to have an irrational, paralyzing fear that she would be harmed by LMC payroll processes. She alleged that LMC failed to accommodate these disabilities, subjected her to a hostile work environment because of these disabilities, and terminated her

both because of her disabilities and in retaliation for her attempt to obtain an ADA accommodation. LMC moved for summary judgment.

Because Schlecht did not have any direct evidence of disability discrimination, she was required to establish first a prima facie case of discrimination by showing that she "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job . . . ; and (3) suffered discrimination by an employer . . . because of that disability." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011) (internal quotation marks omitted). To satisfy the third prong, "a plaintiff generally must show that [s]he has suffered an adverse employment action because of the disability." *Id*. at 1038 (internal quotation marks omitted).

Here, the district court assumed for the sake of argument that Schlecht was disabled as defined by the ADA, and it is undisputed that she suffered an adverse employment action. Although Schlecht alleged LMC failed to make several requested disability accommodations, the district court ruled that she only produced evidence relating to her garnishment accommodation requests. The district court ruled these accommodation requests were moot, however, because LMC never received another garnishment order after that accommodation request. Thus, it dismissed her ADA accommodation claim. It also dismissed her ADA hostile work environment claim because Schlecht did not produce any evidence of a hostile work environment.

3

As to Schlecht's termination and retaliation claims, the district court ruled that LMC presented evidence it selected Schlecht for inclusion in its company-wide reduction in force for legitimate, nondiscriminatory reasons, namely, that her work on the Orion project ended due to budget cuts, and her skill set was too narrow to assign her to profitable work at LMC. Because LMC presented evidence of a legitimate, nondiscriminatory reason for its action, "the burden then shifted back to [Schlecht] to show that [LMC's] proffered reason was mere pretext." *Id*. at 1052. The district court ruled that Schlecht did not carry her burden to present evidence suggesting LMC's proffered reasons for terminating her were pretext for ADA discrimination or retaliation. Accordingly, the district court granted summary judgment in favor of LMC on all of Schlecht's claims.

Schlecht filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), requesting a hearing and attaching new evidence. The district court denied the motion because Schlecht failed to demonstrate an intervening change in the controlling law, any new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (detailing grounds warranting reconsideration under Rule 59(e)). Schlecht appeals.

## II.

"We review a district court's grant of summary judgment de novo, applying the same standard as the district court." *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there

4

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the summary judgment evidence "in the light most favorable to the non-moving party." *Helm*, 656 F.3d at 1284. We review for abuse of discretion the district court's discovery and sanction rulings, *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011), refusal to hold a hearing, *Davoll v. Webb*, 194 F.3d 1116, 1142-43 (10th Cir. 1999), and denial of a Rule 59(e) motion, *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005). Although we construe Schlecht's pro se brief liberally, "our role is not to act as [her] advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Schlecht argues on appeal that the district court erred by (a) not sua sponte imposing sanctions on LMC for requesting overly-broad discovery of her medical records; (b) not informing her prior to filing her Rule 59(e) motion she was required to authenticate her summary judgment evidence; (c) not considering the evidence she presented in her Rule 59(e) motion in light of her pro se status and disabilities; (d) not holding a hearing on her Rule 59(e) motion; (e) ruling she failed to make any reasonable ADA accommodation request other than her garnishment request; and (f) improperly resolving disputed issues of fact when it (i) characterized her accommodation request as seeking advance notice of a garnishment order, rather than a "present assurance" that it would give her advance notice, Aplt. Opening Br. at 14,

and (ii) did not let her present testimonial evidence of a hostile work environment at a summary judgment hearing.[1]

We note at the outset that Schlecht's pro se status does not excuse her from following the strict requirements of Rule 56 in order to properly contest a summary judgment motion. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (discussing a pro se litigant's duty to comply with Rule 56 of the Federal Rules of Civil Procedure); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a party's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Thus, there is no merit to Schlecht's claims (b), (c), and (f) that the district court erred in requiring her to comply with the same evidentiary and procedural rules applicable to all litigants. To oppose summary judgment, Schlecht was required to do more than provide her conclusory assertions or subjective interpretation of the evidence; she was required to present admissible evidence of material fact. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (stating that "[s]ufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated

---

[1] Schlecht also lists a claim (g) in which she asks this court to "consider her arguments in support of her need for an accommodation to enjoy equal benefits and privileges as other similarly situated employees, even though the district court did not." Aplt. Opening Br. at 19. Her quite brief arguments on this issue are too vague and general to present an authentic appellate issue. Furthermore, we will not address the many new arguments that Schlecht first raised in her Reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

therein") (internal quotation marks omitted). "[C]onclusory allegations standing alone will not defeat a properly supported motion for summary judgment." *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

Turning to Schlecht's challenge to the substance of the district court's summary judgment ruling, her claims (e) and (f), we conclude the record supports the district court's findings that the only evidence Schlecht produced of an accommodation request she made that would trigger ADA liability were her garnishment requests. Because it is undisputed that LMC did not receive any garnishment orders after her requests, the district court correctly ruled that Schlecht offered no evidence that LMC denied her any reasonable accommodations to which she was entitled, precluding her failure-to-accommodate claim under the ADA. *See Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747-48 (7th Cir. 2011) (explaining that a plaintiff alleging a failure-to-accommodate claim must establish, among other elements, that the defendant failed to make reasonable modifications to accommodate the plaintiff's disabilities). Schlecht makes conclusory assertions that she tried to communicate with LMC but she produced no supporting evidence that she communicated to LMC any adequate request to accommodate a disability other than her garnishment request. *See C.R. England*, 644 F.3d at 1049 ("The request for accommodation must be sufficiently direct and specific, giving notice that [the employee] needs a special accommodation." (internal quotation marks omitted)).

The record further supports the district court's finding that Schlecht did not present any evidence of a hostile work environment. For a hostile environment claim

7

to survive summary judgment, Schlecht was required to present evidence from which a rational jury could find that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the terms, conditions, or privileges of employment, and the harassment stemmed from disability-related animus. *See MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005). Schlecht did not present any such evidence. She argues she could have presented such evidence if the district court had held a hearing, but it is her obligation to present documentary evidence in response to the motion for summary judgment. *See Gross*, 53 F.3d at 1546. Schlecht does not challenge the district court's rulings that she failed to present any evidence of pretext in connection with her discriminatory discharge and retaliation claims. We agree with the district court that there were no genuine issues of material fact allowing any of Schlecht's ADA claims to survive summary judgment.

We also conclude that the district court did not abuse its discretion by not sua sponte imposing sanctions for LMC's medical-records discovery request (claim (a)). Nor did the district court abuse its discretion in declining to hold a hearing on either LMC's motion for summary judgment or Schlecht's Rule 59(e) motion (claims (d) and (f)). A district court is not required to hold a hearing or allow oral argument on a summary judgment or Rule 59(e) motion, *Nolan v. de Baca*, 603 F.2d 810, 812 (10th Cir. 1979), and refusing to conduct an unnecessary hearing is not an abuse of discretion.

As to Schlecht's Rule 59(e) claims, we note that the district court did not deny her Rule 59(e) motion solely because her newly-submitted evidence was not authenticated or did not comply with the requirements of Rule 56, but more broadly because Schlecht did not demonstrate any of the grounds warranting Rule 59(e) relief. The district court properly refused to consider additional evidence in support of Schlecht's Rule 59(e) motion where there was no showing "that the evidence was newly discovered or unavailable in a more timely fashion through the exercise of diligence." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992). Accordingly, the district court did not abuse its discretion in denying Schlecht's Rule 59(e) motion (claims (b) and (c)).

The district court's judgment is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge